GULF, C. & S. F. RY. CO. v. LOYD.
(No. 8086.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 27, 1915.)

1. NEGLIGENCE ☞141—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

Where an automobile in which plaintiff was riding was struck by defendant's train, it was error to charge that the driver's negligence, though the sole proximate cause of the accident, was not a defense, unless plaintiff could have prevented such negligence by the exercise of ordinary care.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. ☞141.]

2. TRIAL ☞296—INSTRUCTIONS—CURE OF ERROR.

Such error was not cured by a contradictory charge as to plaintiff's contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ☞296.]

3. NEGLIGENCE ☞141—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In a suit for injuries to one riding in a vehicle struck by defendant's train, defendant, having pleaded the driver's negligence as a defense, was entitled to a charge that plaintiff could not recover if such negligence was the sole proximate cause of the accident, though the charge given required a finding of negligence as the proximate cause of the injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 382–399; Dec. Dig. ☞141.]

4. WITNESSES ☞270—CROSS-EXAMINATION.

A question on cross-examination as to how many people the witness had run over was incompetent and calculated to prejudice the jury against his testimony as to whether another was a careful driver.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 926, 955–957; Dec. Dig. ☞270.]

5. TRIAL ☞29—REMARKS OF COURT.

It is error for the court to reprimand a witness without a proper basis therefor.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–83, 508; Dec. Dig. ☞29.]

6. EVIDENCE ☞547—OPINION EVIDENCE—EXAMINATION.

The opinion of a medical expert witness as to pain suffered by plaintiff in a suit for personal injuries must be predicated on the evidence introduced.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2364; Dec. Dig. ☞547.]

7. PLEADING ☞409—OBJECTIONS—WAIVER—WANT OF DENIAL OF SPECIAL DEFENSE.

Plaintiff's failure to deny a special defense, as required by the statute, is waived;

defendant not calling the court's attention thereto, and assigning no reasons in the bill of exceptions to the refusal of a charge as to such defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1375–1383, 1386; Dec. Dig. ☞409.]

8. TRIAL ☞253—INSTRUCTION EXCLUDING ISSUES.

A charge that the burden of proving contributory negligence by a preponderance of the evidence is on defendant is objectionable as likely to exclude the consideration of plaintiff's testimony tending to show such negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. ☞253.]

9. APPEAL AND ERROR ☞499—BILL OF EXCEPTIONS—ASSIGNMENT OF ERRORS.

An assignment of error cannot be predicated on the refusal of a peremptory instruction, where no reason for the objections to such refusal is assigned in the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ☞499.]

Appeal from District Court, Tarrant County; J. W. Swayne, Judge.

Action by Alice Loyd against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Lee & Lomax and W. D. Smith, all of Ft. Worth, and Terry, Cavin & Mills, of Galveston, for appellant. Slay & Simon and Theodore Mack, all of Ft. Worth, for appellee.

DUNKLIN, J. About 9 o'clock on the evening of January 4, 1913, an automobile, in which Alice Loyd was riding, collided with a locomotive of the Gulf, Colorado & Santa Fé Railway Company at the intersection of the railway of that company with Jennings avenue, in the city of Ft. Worth. At the place where the accident happened, the street mentioned runs practically north and south, and the railway line runs slightly southwest and northeast. Just prior to the accident, the automobile was traveling north on Jennings avenue, and the train to which the locomotive was attached was going out of Ft. Worth in a southwesterly direction. As a result of the collision, Alice Loyd sustained personal injuries, and D. E. Loyd instituted this suit, as her next friend, against the railway company, to recover damages for such injuries; she being a minor at the time of the institution of the suit.

The automobile was driven by Edward Gambrell, a boy about 15 years old, who, together with two other companions, invited Alice Loyd and two other girls to seats in the automobile, promising to take them home, and Alice Loyd occupied a position upon the rear seat of the car. Instead of proceeding directly to the homes of the invited guests, a trip was taken to what is known as the south side, over Hemphill street, across the track of the defendant railway company, thence in a westerly direction to Jennings avenue, where the car turned north.

Plaintiff alleged that the place of the accident was in a populous portion of the city, much used by pedestrians and private vehicles; that the defendant's employés operating the train negligently failed to give any warning signals of the approach of the train to the street crossing, as required by an ordinance of the city, negligently operated the train at a very high and dangerous rate of speed, to wit, more than six miles an hour, in violation of another ordinance of the city, and without any headlight upon the engine, or that, if there was such a headlight, it was too dim to be seen at any appreciable distance; that the defendant negligently and carelessly failed to maintain a light signal at the crossing, as required by other ordinances of the city; and that plaintiff's injury was the proximate result of each and all of said acts of negligence.

In addition to a denial of each and all of such charges of negligence, the defendant, among other special defenses, pleaded that the accident was occasioned solely by the negligence of Edward Gambrell, the boy who drove the automobile, in recklessly attempting to pass the crossing after he saw the train approaching, or in failing to keep a proper lookout for a train upon the track while driving the automobile at a dangerous and negligent rate of speed and in violation of the ordinance of the city limiting the speed of automobiles.

It was further alleged that plaintiff herself was guilty of negligence proximately contributing to her injury in failing to look and listen for the approach of the train, which she could have seen and heard in time to enable her to avert the accident by calling the attention of the driver thereto, and in remaining in the car with full knowledge of the fact that it was being driven at a reckless and dangerous rate of speed, during which time the occupants of the car were engaged in laughing and talking to such an extent as to divert the attention of the driver from his duty to keep a proper look out to avoid accidents.

From a judgment in favor of the plaintiff, the defendant has appealed.

Evidence was introduced tending to support the allegations of negligence on the part of the defendant referred to above; but testimony offered by the defendant tended strongly to controvert each and all of the charges, and also to show that Edward Gambrell was guilty of negligence in driving the automobile at a high rate of speed without keeping a proper lookout for the approach of the train which he could have seen in time to avoid the collision, and that such negligence was the sole, proximate cause of the accident.

[1] The case was tried before a jury, to whom was submitted the following special instruction requested by the plaintiff:

"You are instructed that even though you believe from the evidence that Edward Gambrell who was operating the automobile on the occasion in question, was himself guilty of negligence, such negligence, if any, would not be imputable to this plaintiff, and plaintiff would not be precluded from recovery on account of such negligence, if any, on the part of said Edward Gambrell, unless you believe from the evidence that such negligence on the part of the said Edward Gambrell, if any, could have been prevented by the plaintiff by the exercise of ordinary care."

While Edward Gambrell's negligence would not be imputable to the plaintiff, and she would be entitled to a recovery if the defendant was guilty of negligence which, together with Gambrell's negligence, was the proximate cause of the injury, nevertheless if Gambrell was guilty of negligence, which was the sole proximate cause of the injury, then plaintiff could not recover. In that event, she would be denied a recovery, not because Gambrell's negligence was attributable to her, but because her injury was not due to any negligence on the part of defendant. The special instruction, in effect, was that plaintiff would not be precluded from a recovery on account of the negligence of Gambrell, even though the same was the sole proximate cause of the injury, unless the jury should find that his negligence could have been prevented by the plaintiff by the exercise of ordinary care. Clearly this was erroneous, and for this error the judgment must be reversed.

[2] The appellee calls attention to the fact that two other instructions requested by defendant were given to the jury, which renders harmless any possible error in the charge now under discussion, one of which was, in effect, that if, when approaching the crossing, Gambrell was driving the car at a rate of speed in excess of 18 miles per hour, the limit of speed fixed by the city ordinance, and if the operation of the automobile at that rate of speed was the proximate cause of plaintiff's injury, and if plaintiff, in the exercise of ordinary care, could have known that the automobile was being so operated, then a verdict should be rendered in favor of the defendant. The other instruction requested by the defendant and given was, in effect, that, even though the jury should find the defendant guilty of negligence, still plaintiff could not recover if she, by the exercise of ordinary care, could have discovered the approach of the train in time to have avoided the accident. Both of these instructions were upon the issue of contributory negligence on the part of plaintiff, and did not cure the error in the instruction given at the plaintiff's request and quoted above. Even if those instructions had been the converse of the instruction requested by the plaintiff, and quoted above, it would not have cured the error. S. K. Ry. Co. v. Sage, 98 Tex. 438, 84 S. W. 814.

[3] In view of another trial we will discuss some of the other questions presented in appellant's brief. Appellant's requested charge

No. 14, the refusal of which is made the basis of another assignment of error, was substantially that if Gambrell was guilty of negligence in failing to discover the approach of the train, and that such negligence was the proximate cause of the accident, a verdict should be returned in the defendant's favor without reference to any other issue in the case. Perhaps this instruction is subject to the criticism that it might have misled the jury in omitting the requirement that, under such circumstances, Gambrell's negligence must have been the sole proximate cause of the injury. If the instruction had embodied that feature, it would have been a correct statement of the law, and should have been given either in the main charge or in compliance with defendant's request therefor. The observation just made disposes of another assignment to the court's failure to embrace substantially that instruction in his main charge. The fact that in the main charge the jury were told that plaintiff could not recover in the absence of a finding of negligence, which was the proximate cause of plaintiff's injury, thus impliedly excluding every other theory of a recovery, is not a sufficient answer to the assignments discussed above, as defendant had a right to an affirmative presentation of its contention that Gambrell's negligence was the sole proximate cause of plaintiff's injury. M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Pettithory v. Clarke & Courts, 139 S. W. 989; F. W. & D. C. Ry. Co. v. Taylor, 153 S. W. 355; Jones v. M., K. & T. Ry. Co., 157 S. W. 213.

Another assignment is presented to the charge of the court which allowed a recovery by plaintiff "for the injuries alleged in her petition." It is insisted that there was no proof to show some of the injuries alleged in the petition, and that the court erred in telling the jury that, in the event of a verdict in favor of the plaintiff, she should be allowed compensation for such injuries. The appellee calls attention to the fact that no such objection was urged to the charge upon the trial of the cause, and this objection seems to be tenable. In the reply to this assignment, appellee has not controverted the statement made therein that there was no proof of some of the injuries alleged, but has rested upon the objection mentioned to a consideration of the assignment, and we do not undertake to say that appellant is correct in its contention relative to the proof. But we have deemed it proper to call attention to this assignment to the end that the criticism of the charge now under discussion may be avoided upon another trial.

The same criticism is made of the instruction in submitting to the jury for its determination whether or not the defendant used ordinary care "in the operation of said passenger train in any of the particulars alleged in plaintiff's petition"; the contention presented being that some of the charges of negligence alleged in the petition are wholly unsupported by the evidence. The observations already made are applicable to this instruction. The fact that, by another instruction given at the defendant's request, the jury were limited to certain issues of negligence alleged in the petition, and in effect were charged that, if those allegations were not sustained, a verdict should be returned in favor of the defendant, would present a case of conflicting charges, but would not avoid the force of this criticism of the main charge. Railway v. Sage, supra.

[4] Hart Beard, a witness for the defendant, was questioned by defendant's counsel relative to whether or not Edward Gambrell was a careful or reckless driver of an automobile. Plaintiff's objection to that question was sustained by the trial court. Thereupon plaintiff's counsel propounded to the witness the following question:

"Talking about Edward Gambrell's driving, you have got some reputation as a bad driver, haven't you? How many people have you run over?"

To which the witness answered:

"I don't know that I have a bad reputation especially as a bad driver. Some people might call it that. I have never killed anybody by running over them."

To this question and answer defendant objected on the ground that it was improper and incompetent for any purpose and calculated to prejudice the jury against the testimony of the witness, and the objection was overruled. We think the objection should have been sustained for the reasons urged.

[5] The fireman, A. Y. Clarke, upon defendant's train on the occasion in controversy, was a material witness for the defendant upon practically all the issues of negligence relied on by the plaintiff. It appears that the court himself interrogated that witness relative to how many persons were at the scene of the accident when he first reached there. The witness testified that he left the engine as soon as he could place it in a condition safe to leave and walked up to the crossing where the accident occurred, about 1½ minutes after the train stopped, and he detailed a conversation between persons, who apparently were occupants of the car, relative to the cause of the accident, which was material to the defense. After the witness testified that there were quite a number of people there when he reached the crossing, the following proceedings were had; the questions to the witness being propounded by the court:

"Q. How many were there? Do you know whether there were 500 there or not? A. I hardly think there was that many. Q. Do you know whether there were 499? A. I didn't count any of them. Q. Do you know whether that is a fact or not—whether there were 499? Were there 400 there? Do you know that? A. I told you I didn't think there was that many. Q. Well, were there as many as 100? A. I would judge when I got back— The Court: You had just as well answer that now as any other time, because you will have to

answer that if I have to send you to jail. Witness: Just positively how many there were there when I first got back I don't know. There were a dozen people on the street."

To the reprimand so administered defendant objected on the ground that the same was not justified by the attitude of, or the answers made by, the witness, and upon the further ground that the court's remarks amounted to a comment on the weight of the testimony given by this witness, and tended to place the witness in an improper light before the jury and to discredit his testimony generally, all of which objections were by the court overruled.

Appellee, in reply to the assignment to this ruling, has cited us to the entire testimony of the witness appearing in the statement of facts to show that the witness was recalcitrant, obstinate, and refractory, and insists that the remarks of the court complained of were justified on that account. No particular portions of the testimony of the witness are cited by the appellee to sustain that contention, and we would be justified in declining to read his whole testimony to discover whether or not the contention is well founded. However, we have read a considerable portion of the testimony of the witness, and have failed to discover any evidence of such conduct as appears to us a sufficient basis for the reprimand administered. In the absence of a proper basis therefor, the remarks of the court would likely be construed by the jury as a reflection upon the credibility of the witness; and, under the circumstances, we think that the assignment of error now under discussion should be sustained.

[6] Another assignment is addressed to the testimony given by Dr. Trigg, a witness for the plaintiff, in effect, that in his opinion the pains of which plaintiff complained were caused by the accident. The objection to the testimony was based upon the contention that it was predicated in part upon information obtained from the plaintiff and from other sources, and which information was not shown by the evidence taken upon the trial. The bill of exception to the testimony details several different questions and answers of the witness, and it is a little difficult to determine the full merits of the objection. In view of another trial, it is sufficient to suggest that any opinion given by Dr. Trigg, relative to any pains suffered by the plaintiff, should have a proper predicate in the evidence introduced.

[7] Appellant complains of the refusal of a requested instruction, in effect, that the ordinance of the city, limiting the speed of defendant's train within the city limits to six miles per hour, was unreasonable, and that proof of such ordinance for any purpose should be entirely disregarded. Defendant had pleaded that the ordinance was unreasonable and unenforceable by reason of the fact that the crossing in question was in a remote and thinly settled portion of the city, where few people traveled, and where it was impossible for the defendant to comply therewith in the operation of its trains. It seems that this paragraph of the answer was not denied by plaintiff in her supplemental petition, and the absence of any denial is made the basis of the assignment to the refusal of the requested instructions. In the bill of exception taken to the refusal of this instruction, no reason was assigned, nor does it appear from the record that the court's attention was at any time called to the failure of plaintiff to deny the allegation relative to the unenforceableness of the ordinance, as should have been done if appellant desired to take advantage of the statute invoked. Under the circumstances, the assignment now under discussion must be overruled. T. & P. Ry. Co. v. Tomlinson, 169 S. W. 217; Southwestern Tel. Co. v. Andrews, 169 S. W. 218; Memphis Cotton Oil Co. v. Tolbert, 171 S. W. 309.

[8] Error has been assigned to the following instruction:

"The burden of proof is on the defendant to make out its plea of contributory negligence by a preponderance of the evidence; and, unless you find it has done so, you will find for the plaintiff on that issue."

The error pointed out in this charge is that the jury were likely to understand therefrom that they could look only to the evidence of defendant for proof of plaintiff's contributory negligence. We are inclined to the view suggested in appellant's brief that the testimony introduced by the plaintiff tended to raise the issue of contributory negligence on her part, and that the charge given is probably subject to the criticism presented. In many cases such charges, given under similar circumstances, have been condemned. See T. & P. Ry. Co. v. Reed, 88 Tex. 439, 31 S. W. 1058; St. L. S. W. Ry. Co. v. Groves, 44 Tex. Civ. App. 63, 97 S. W. 1084; G., C. & S. F. Ry. Co. v. Hill, 95 Tex. 629, 69 S. W. 136. We suggest that a better instruction would be that, if the plea of contributory negligence has not been sustained by a preponderance of the evidence, then the jury should find against the plea.

[9] Another assignment of error is addressed to the refusal of the court to give to the jury a peremptory instruction to find in favor of the defendant, which was requested by the defendant. In the bill of exceptions taken by the defendant to the refusal of this charge, no reason is assigned for the objection, as we think should have been done, under the present practice statutes. The trial judge was left to surmise what was in the mind of the defendant's counsel, and there was nothing to indicate upon what theory the defendant insisted that the instruction should be given, whether for lack of sufficient pleadings by plaintiff, or for the lack of sufficient evidence to make out a case of negligence on the part of the defendant, as

is now insisted in appellant's brief, or whether it was upon the theory that the negligence of the driver of the automobile was the sole, proximate cause of the injury, as suggested by another assignment. In the absence of any reason assigned for the objections to the refusal of the instruction, there is no sufficient predicate for the assignment now under discussion, and it is accordingly overruled. Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991; Stephenville, North & South Tex. Ry. Co. v. Wheat (No. 8015) 173 S. W. 974, by this court, not yet officially published; P. & N. T. Ry. v. Grundy, 171 S. W. 318; Steele v. Dover, 170 S. W. 809.

For the reasons noted, the judgment is reversed, and the cause remanded.