ARMOUR & COMPANY v. EDDIE MORGAN, BY NEXT FRIEND.

No. 2506.   Decided May 16, 1917.

**1.—Negligence—Fellow Servant.**

Where a servant is injured by negligence of the master recovery may be had though negligence of a fellow servant combined with it to cause the injury; but not where the fellow servant's negligence was the sole cause.   (P. 419.)

**2.—Same—Requested Charge.**

The pleading and evidence raising the issue as to whether the injury was caused solely by the negligence of a fellow servant, a requested instruction denying recovery in that event was improperly refused, though the charge given authorized recovery only on finding of negligence by the master.   (P. 420.)

**3.—Same.**

Evidence considered is held to present an issue as to whether the injury to a servant was caused solely by negligence of a fellow servant.   (Pp. 420, 421.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Tarrant County.

Armour & Company obtained writ of error on the affirmance on appeal of a judgment recovered against it by Morgan.

*Capps, Cantey, Hanger & Short, H. E. Stager,* and *Wm. L. Evans,* for plaintiff in error.—The trial court should have charged upon the issue of fellow servant. International & G. N. Ry. Co. v. Schubert, 130 S. W., 711; Texas & Pac. Ry. Co. v. Dominguez, 135 S. W., 682; Texas & Pac. Ry. Co. v. Bourman, 212 U. S., 540-542, 53 L. Ed., 644; Ortolano v. Degnon Contracting Co., 104 N. Y. Supp., 1069; Branoner v. Traitel Marble Co., 129 N. Y. Supp., 761-762; Kurstelska v. Jackson (Minn.), 93 N. W., 1055; Harrison v. Detroit L. & N. R. Co., 7 L. R. A., 625-626, 44 N. W. (Mich.), 1035-1036; Hoefling v. Dobbin, 91 Texas, 214; St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 488; Kirby v. Estill, 75 Texas, 488.

The evidence failed to show that the defendant was guilty of negligence which directly and proximately caused the injury to plaintiff and the instruction to that effect should have been given.   Gulf, C. & S. F. Ry. Co. v. Warner, 36 S. W., 118; Sweeney v. Berlin & Jones Envelope Co., 54 Am. Rep., 722; Brands v. St. Louis Car Co., 18 L. R. A.

(N. S.), 701; Siddall v. Pacific Mills, 38 N. E., 969; Houston & T. C. R. Co. v. Alexander, 103 Texas, 597; Taylor v. White, 156 S. W., 351; Railway Co. v. Seley, 152 U. S., 145; 1 Labatt on Mast. & Serv., secs. 4, 163; Houston & T. C. R. Co. v. Cowser, 57 Texas, 293; Schroeder v. Michigan Car Co., 56 Mich., 132; Titus v. Bradford B. & K. R. Co., 20 Atl., 518; Liebnow v. Wisconsin Lime & Cement Co. (Ill.), 95 N. E., 1032-1033; Brands v. St. Louis Car Co. (Mo.), 112 S. W., 514-515; Fritz v. Salt Lake O. Gas & Elect. Light Co. (Utah), 56 Pac., 92; Ward v. Bonner, 80 Texas, 170; Hettich v. Hillje, 33 Texas Civ. App., 571, 77 S. W., 642; Texas Cent. R. Co. v. Waller, 28 Texas Civ. App., 4, 66 S. W., 467; Medlin Milling Co. v. Mims, 173 S. W., 968; Davis v. Augusta Factory (Ga.), 18 S. E., 974; Richmond & D. Ry. Co. v. Dickey (Ga.), 16 S. E., 212; Southern Indiana R. Co. v. Harrell (Ind.), 63 L. R. A., 464; Young v. Burlington Wire Mattress Co. (Iowa), 44 N. W., 694; Grattis v. Kansas City, P. & G. R. Co. (Mo.), 48 L. R. A., 407-408; Omaha Bottling Co. v. Theiler (Neb.), 80 N. W., 822; Young v. Boston & M. R. R. (N. H.), 41 Atl., 269; McGrath v. Fibre Conduit Co., 106 N. Y. Supp., 777-779; Utter v. International Paper Co., 119 N. Y. Supp., 496-497; Hussey v. Coger (N. Y.), 3 L. R. A., 561; Schmitt v. Seefeld (Wis.), 121 N. W., 137; Kroger v. Cumberland Fruit Package Co. (Wis.), 35 L. R. A. (N. S.), 479.

A negligent act can not be considered ·the proximate cause of an injury where an independent and disconnected act of negligence which could not reasonably have been anticipated has supervened and brought about the result. Texas & P. Ry. Co. v. Bigham, 90 Texas, 224-228; Reynolds v. Galveston, H. & S. A. Ry. Co., 101 Texas, 4-5; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 277-280.

And this principle is especially applicable where the act is the negligence of a fellow servant. Roe v. Thomason, 25 Texas Civ. App., 67, 61 S. W., 530; C., R. I. & T. Ry. Co. v. Jackson, 89 S. W., 1117-1118; Pulley v. Standard Oil Co. (Mo.), 116 S. W., 431; Bryant v. Beebe & Runyan Furniture Co. (Neb.), 110 N. W., 692-693.

There was error in permitting defendant in error to prove, over the objection of plaintiff in error, that a guard had been placed on the machine after the accident. Gulf, C. & S. F. Ry. Co. v. McGowan, 73 Texas, 362-363; Gulf, C. & S. F. Ry. Co. v. Compton, 75 Texas, 675; Mo. Pac. Ry. Co. v. Hennessey, 75 Texas, 156-158; Texas Trunk Ry. Co. v. Ayres, 83 Texas, 270; Fordyce v. Chancy, 2 Texas Civ. App., 24, 21 S. W., 182-183; Railway Co. v. Briggs, 4 Texas Civ. App., 515, 23 S. W., 503; Missouri, K. & T. Ry. Co. v. Wylie, 26 S. W., 85-86; San Antonio & A. P. Ry. Co. v. Lynch, 8 Texas Civ. App., 513, 28 S. W., 252-253; Greenville Oil & Cotton Co. v. Davenport, 37 S. W., 625; Galveston, H. & S. A. Ry. Co. v. Walker, 48 S. W., 767; City of Dallas v. Meyers, 55 S. W., 744; St. Louis S. W. Ry. Co. v. Arnold, 39 Texas Civ. App., 161, 87 S. W., 176; Kansas City, M. & O. Ry. Co. v. Meakin, 146 S. W., 1058-1059.

*A. J. Clendenen* and *Ben M. Terrell,* for defendant in error.

MR. JUSTICE YANTIS delivered the opinion of the court.

Eddie Morgan, the defendant in error, recovered a judgment in the District Court of Tarrant County, Texas, for damages as compensation for personal injuries which he received while in the employ of the plaintiff in error, Armour & Company. When injured he was engaged, with three co-workers, all of whom were minors, in bradding the ears on buckets, by means of an iron bradding machine, which had a top similar to a table, and which was fastened to the floor. The particular work which the defendant in error was doing at the time he was injured was dropping bucket ears into a slot through which they passed to the place of the machine where the ears were bradded to the bucket. The machine was operated by electricity. When young Driscoll pressed a pedal of the machine with his foot this connected the machine with the power in the building and put it in operation. Young Morgan was dropping the ears in the slot, and young Driscoll would work the pedal, which caused the ears to be bradded to the buckets. It was a part of the duty of the defendant in error to pick up from the floor the ears which had, by accident in handling them, been dropped thereon. At the time he was injured he was engaged in picking up the ears from the floor. He testified that he began doing this while young Driscoll was not operating the machine, but had left it for the purpose of securing a drink of water. Young Morgan, according to his testimony, got off his stool, knelt on the floor, and was picking up the ears therefrom with his right hand, with his left hand partly resting on the top of the machine. Young Driscoll returned to the machine and set it in motion, at which time the defendant in error's left hand was caught in the bradding machine at the place of bradding, and the injuries complained of were inflicted.

Several grounds of negligence were alleged, but the case was submitted to the jury upon the one which alleged that the plaintiff in error was guilty of negligence in failing to safeguard the cog-wheels and other machinery under the bradding table where his hand was caught. From a verdict favorable to the defendant in error appeal was taken, which was passed upon by the Sixth Court of Civil Appeals, and the judgment of the District Court affirmed. The Court of Civil Appeals found that the evidence warranted the conclusion that the plaintiff in error was guilty of negligence in failing to provide guards or fenders to dangerous machinery as pleaded, which negligence was the direct and proximate cause of the injury to the minor. A writ of error was granted by this court on the petition of the plaintiff in error.

If the injury complained of was caused alone by the negligence of young Driscoll, as a fellow servant, the defendant in error was not entitled to recover. If it was caused by the negligence of the plaintiff in error alone, or by its negligence blended with the negligence of the fellow servant, Driscoll, the defendant in error was entitled to recover.

The trial court did not submit to the jury any charge authorizing a recovery favorable to the plaintiff in error in the event the jury should believe that the injuries inflicted upon the defendant in error were caused alone by the negligence of his fellow servant, Driscoll. The jury was not given an opportunity by the trial court to find that Morgan's injuries were the result alone of the negligence of a fellow servant. The plaintiff in error requested that a special charge prepared by it be given to the jury directing the jury to find in favor of the plaintiff in error if Tom Driscoll was the fellow servant of the defendant in error, and if the injuries complained of were inflicted by reason of said Tom Driscoll's negligence. This charge was refused. We think it should have been given, and that it was error to refuse it. It is contended by counsel for the defendant in error that the issue of the negligence of a fellow servant was not raised by any evidence in the case, and for this reason there was no error in refusing the special charge which was requested. We think the issue was clearly raised, and should have been charged upon. The plaintiff in error in its answer alleged that the accident was caused by the acts of a fellow servant of the defendant in error, and that by reason thereof the latter was precluded from recovering damages therefor. The term "acts" as used in said pleading is, of course, broad enough to include all negligent acts. The defendant in error testified that young Driscoll started the machine up while he, the defendant in error, was down on the floor, as stated, picking up the ears, and that the starting of the machine jarred his hand off the top of the machine and caused it to be caught and injured; and he further stated:

"The boy did not give me any warning that he was going to start up the machine. I did not see or know that he was about the machine, or was liable to start it up."

We think this plainly presents the question of the negligence of Morgan's fellow servant. It was a question of fact for the jury to determine whether young Driscoll was guilty of negligence. He had stopped the machine and left it, for the purpose of getting a drink of water, and after returning to the machine, and observing the attitude of the defendant in error on the floor, with one hand resting on the machine, and without any knowledge that Driscoll had returned, for the latter to start the machine without warning the defendant in error that he was going to do so, would be sufficient to raise the question whether or not he was guilty of negligence. There being both pleading and evidence upon the question of the injury resulting from the negligence of the fellow servant the issue should have been submitted to the jury. The personal negligence of the company was the only ground of negligence that was submitted to the jury, but we do not think this fact would deny the defendant the right to have a complete defense submitted for the determination of the jury. The negligence of the fellow servant standing alone, and not contributed to by the negligence of the company, would be a complete defense. It is true that if the

injury to young Morgan was traceable to the personal negligence of the company in failing to safeguard the machinery, then the negligence of a fellow servant would not be a defense; or if both operated together they would constitute no defense. Texas & P. Ry. Co. v. Jones, 133 S. W., 744. But the plaintiff in error did not admit that the injuries resulted from the personal negligence of the company, or from its negligence blended with the negligence of a fellow servant. The plaintiff in error denied this, and alleged that the injuries were caused by the negligence of a fellow servant. If so, it would be a complete defense. There was evidence, as quoted, tending to prove it. There was a special charge requesting this defense to be submitted to the jury. Its refusal amounted to a denial by the trial court to allow the jury to find a verdict in its favor if the jury should believe that the injuries were caused alone by the negligence of a fellow servant. We can not approve a judgment which may be accounted for by the fact that the plaintiff in error was denied one of its defenses at the trial. It is no answer to say that the jury found that the injuries resulted from the personal negligence of the company in failing to safeguard the machinery, for they might not have so found, if they had been allowed to find otherwise in the event they should believe the injuries were caused by the act of a fellow servant.

We have examined each of the other questions presented in the several assignments contained in the petition for writ of error, and we are of the opinion that they do not present reversible error.

For the error indicated herein the judgments of the Court of Civil Appeals and the District Court should be reversed and the cause should be remanded to the District Court for another trial. It is so ordered.

*Reversed and remanded.*