## TEXAS ELECTRIC RY. v. SIKES et al.
### (No. 6525.)

(Court of Civil Appeals of Texas. Austin. Feb. 14, 1923. Rehearing · Denied April 18, 1923.)

**1. Appeal and error &#9901;660(2)—Motion for certiorari to perfect record held filed too late.**

A motion for a certiorari to perfect the record made more than a year after the filing of the transcript *held* filed too late, under rule 11 of the Court of Civil Appeals (142 S. W. XI).

On Motion for Rehearing.

**2. Appeal and error &#9901;216(3)—Instruction requiring double finding of fact before particular verdict not affirmative error.**

The fact that the court's charge requires of the jury a double finding of fact before a particular verdict does not render it affirmatively erroneous, and such defect can only be reached by the complaining party requesting a special instruction presenting singly each defense.

**3. Appeal and error &#9901;232(3)—Giving of requested instruction as amended by court held reviewable, though exception to amendment not properly served.**

Where a special requested instruction has been amended and given by the court, and objections to it, as amended, noted thereon, and also specific objections made for the reason that it was not a proper charge on the law, *held* that, though exception to the amendment was not properly taken as required by Vernon's Ann. Civ. St. Supp. 1918, art. 1974, in that the modification or amendment was not properly noted thereon by the trial judge, nevertheless it was reviewable by reason of the specific objection and exception to it as an improper statement of the law.

**4. Trial &#9901;243—Instruction in personal injury case precluding the verdict for defendant, though plaintiff's negligence was sole proximate cause, held erroneous.**

In an action for personal injuries sustained by plaintiff while riding in an automobile when struck by defendant's street car, the giving of an instruction that the jury could not find for defendant even though negligence of the automobile driver was the sole proximate cause of the injury, if they found that defendant was "guilty of negligence in any respect" *held* reversible error.

**5. Appeal and error &#9901;882(12)—Giving of special requested instruction after amendment by court over objection of party requesting it makes it court's instruction.**

The giving of a special charge as amended by the court over the objection of the party having requested it makes it the court's charge, even though it was erroneous as requested.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by Frances Sikes and others against the Texas Electric Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Templeton, Beall, Williams & Worsham, of Dallas, and Sanford & Harris, of Waco, for appellant.

J. A. Kibler and Tom M. Hamilton, both of Waco, for appellees.

BLAIR, J. This suit was filed by Mrs. J. T. Sikes, joined pro forma by her husband, J. T. Sikes, and Miss Frances Sikes, a minor, by her next friend, J. T. Sikes, against the Texas Electric Railway for damages as a result of a collision between an automobile driven by J. T. Sikes, and in which appellees were riding, and a street car belonging to appellant, said accident occurring at a street intersection in the city of Waco, Tex., appellees alleging that they received serious and permanent injuries to body and mind by reason of the alleged negligence proximately causing same by appellant in operating its car at the time of the collision at a high and dangerous rate of speed, and in failing to ring the gong or bell, or to give other signal or warning, and in failing to keep a lookout as it approached the street intersection, and in having the car equipped with defective brakes and air appliances.

Appellant answered by formal answer, and specially that the accident occurred because of the negligence of appellees in failing to approach the street car track with that degree of care required of them by law, and further that the accident occurred because of the sole negligence of J. T. Sikes, the driver of the automobile in which appellees were riding, in that he was driving the same at a high and dangerous rate of speed, and recklessly attempted to cross the street car track after he saw appellant's car approaching, and at such a time that the operatives of said car could not, by the exercise of ordinary care, have avoided the accident.

This case was submitted to a jury under a general charge, and a verdict in favor of Mrs. J. T. Sikes in the sum of $10,000, and of Miss Frances Sikes in the sum of $2,000, was rendered by the jury. Appellant's amended motion for new trial was overruled, to which action of the court is excepted, gave notice of appeal, and here now presents its case for our determination upon the record.

[1] At the time of the submission of this case appellant filed its motion for certiorari to have certain matters in the record which it alleged to be left out brought up. This motion the court took under consideration at the time it heard argument in the case. We are of the opinion, however, that the motion comes too late, under rule 11 of this court (142 S. W. xi), as the record shows it to be filed more than one year after the filing of the transcript in this case; hence the error complained of by reason of the court's

giving special charge No. 3, requested by defendant and as amended by the court, will not be considered, because the exception thereto was not properly taken at the time as required by law.

We are of the opinion that this case must be reversed because of another error in the record, and will only find such facts as are necessary to sustain our opinion herein.

All assignments of error, except assignment No. 13, are not sustained as presented to us in this record; but we do find that the court erred as·is complained of in assignment No. 13.

We find that the evidence introduced in the trial of this case was sufficient to submit to the jury the question of whether the manner in which J. T. Sikes operated the automobile in which appellees were riding at the time of the collision was the sole proximate cause of the injuries to appellees; and we find that the court failed to give to appellant a charge affirmatively presenting this defense.

By its thirteenth assignment of error appellant makes the following objection to the court's charge:

"The court erred in giving to the jury that part of paragraph 6a of the court's main charge, wherein the jury is charged, 'If you further find that the defendant was not guilty of negligence as set out in paragraph 5 herein,' and says that the same is improper, and places a greater burden on defendant than that required by law, because if the negligence of J. T. Sikes, in the manner set out in said paragraph, was the sole proximate cause of plaintiff's injuries, if any, then the negligence, if any, of the defendant would be immaterial, and would constitute no ground for recovery against this defendant in this case; and because it leaves the jury free to find against the defendant without reference to whether such acts of negligence or any of them were the proximate cause of the injury."

Paragraph 6a of the court's charge is as follows:

"You are further instructed that, if you believe from the evidence that J. T. Sikes was driving the automobile at the time of the accident in a westerly direction on and along Clay street in the city of Waco, and you further find that as the said J. T. Sikes approached the intersection of South Ninth street with Clay street he attempted to turn his automobile south on said Ninth street without driving directly down said Clay street in the direction in which he was going until he had crossed the center and gotten on the right side of said Ninth street, then you are charged that the said J. T. Sikes would be guilty of negligence, and if you further find from the evidence that said negligence, if any, was the sole proximate cause of the injuries, if any, of plaintiffs Mrs. J. T. Sikes and Miss Frances Sikes, and if you further find that the defendant was not guilty of negligence as set out in paragraph 5 hereof, then in that event your verdict will be for the defendant."

We are of the opinion that, if the manner in which said automobile was being operated by J. T. Sikes at the time of the collision was the sole proximate cause of plaintiffs' injuries, it does become immaterial as to whether appellant's street car operatives were negligent; and a charge which limits the appellant's right to a judgment thereon upon the further finding, "If you further find that the defendant was not guilty of negligence set out in paragraph 5," is erroneous as being too restrictive of the defendant's defense raised by the pleadings and the evidence in this case, and requires a reversal of the case.

It is stated in the case of Railway Co. v. Loyd (Tex. Civ. App.) 175 S. W. 721, which is a case involving a similar question to this, that:

"While Edward Gambrell's negligence would not be imputable to the plaintiff, and she would be entitled to a recovery if the defendant was guilty of negligence which, together with Gambrell's negligence, was the proximate cause· of the injury, nevertheless, if Gambrell was guilty of negligence, which was the sole proximate cause of the injury, then plaintiff could not recover. In that event she would be denied a recovery, not because Gambrell's negligence was attributable to her, but because her injury was not due to any negligence on the part of defendant."

In this case we think that, if the negligence of J. T. Sikes was the sole proximate cause of the injury, then certainly a charge requiring the jury to further believe that the defendant was not guilty of the negligence as charged in paragraph 5 is error as precluding·appellant from having its defense as to the proximate cause of the injury presented clearly and untrammeled by other matters to the jury, as it had a right to have done.

We cannot agree with appellees' contention that appellant was guilty of inviting the error, because it presented special charge No. 3, which the court amended and presented as amended to the jury, for the record discloses that appellant excepted to the action of the court in amending said charge, and was precluded from having same passed upon by this court because of the fact that it did not make such objection thereto as required by law relative to objections and exceptions to special charges given as amended by trial judges; and it does not become appellant's charge merely because it is unable to take advantage of any error therein by reason of the fact that its objections did not comply with an article of the statute. And we are further of the opinion that, even though the requested charge No. 3 as given by the court was in substantial compliance with and similar to paragraph 6a of the court's main charge, as embodying the feature that J. T. Sikes' negligence was the sole proximate cause of the injury it would not preclude appellant from having its affirmative defense presented clearly to the jury in this case. This was raised by appellant's objecting and

excepting to the court's charge: First, that it did not contain such charge; and, second, that the paragraph of the court's charge upon this feature of the case was defective, in that it was too restrictive in its limitation of appellant's defense as above set forth.

In Railway Co. v. Loyd, supra, the court holds that:

"The fact that in the main charge the jury were told that plaintiff could not recover in the absence of a finding of negligence, which was the proximate cause of plaintiff's injury, thus impliedly excluding every other theory of a recovery, is not sufficient answer to the assignments discussed above, as defendant had a right to an affirmative presentation of its contention that Gambrell's negligence was the sole proximate cause of plaintiff's injury." Railway Co. v. McGlamory, 89 Tex. 639, 35 S. W. 1058; Railway Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; Railway Co. v. Casseday, 92 Tex. 525, 50 S. W. 125.

We are therefore of the opinion that in this case appellant had a right to a clear presentation of its defense that, if J. T. Sikes was negligent in the manner of operating his car, and that the negligence was the sole proximate cause of such injury, plaintiff could not recover; and the failure of the court to give the same upon objection, and the failure of the court to strike from paragraph 6a that portion complained of by appellant, is error, and this case is hereby reversed and remanded for a new trial. Railway Co. v. Loyd (Tex. Civ. App.) 175 S. W. 721, and authorities cited thereunder.

Reversed and remanded.

### On Motion for Rehearing.

[2] We are of the opinion that we were in error in that portion of the opinion heretofore announced in this case which declared as an affirmative error the action of the trial court in giving paragraph 6a of its main charge, over the objection of appellant. This paragraph of the court's charge required of the jury a double finding of fact before the appellant would be entitled to a verdict at their hands. We will say that this practice has been held by the Supreme Court not to be affirmative error. It has further held that such defect can only be reached by the party complaining requesting a special instruction, presenting singly each defense, which special charge, if refused, constitutes error on the part of the court.

In the instant case appellant presented and requested a special charge, but it was amended by the court and given. The said special charge and the notations thereon are as follows:

"Gentlemen of the jury, you are charged that, if you find and believe from the evidence that J. T. Sikes was operating the automobile on the occasion in question, in which plaintiffs were riding, and you further find from the evidence that the said J. T. Sikes was guilty of negligence, as that term has been heretofore defined to you, in driving upon and onto the track of the street car company without exercising ordinary care, as that term has been defined to you, to discover the approach of the moving street car, and that such negligence, if any, on the part of the said J. T. Sikes, was the sole cause of the injuries to plaintiffs, if any you find from the evidence, then in that event you are instructed that plaintiffs cannot recover, and you will therefore return a verdict for the defendant, provided you find that defendant was not guilty of negligence in any respect submitted to you in the court's main charge.

"Given as amended, and defendant excepts to said amendment and refusal of the court to give same as originally presented.

                    "H. M. Richey, Judge.

"This special charge as presented refused, but given as amended by the court. Defendant excepts.            H. M. Richey, Judge."

[3] As held in our original opinion, we cannot consider this charge as an aid to appellant in its objection to paragraph 6a, because of its failure to have the trial judge note thereon what modification or amendment was made in said special requested charge as being violative of the provisions of article 1974, Vernon's Civil Statutes 1918. However, we are confronted with appellant's further contention that, although it is precluded from having its objection to the amendment made by the trial judge passed upon, in that it failed to have said amendment set forth as provided for in the above article of the Revised Statutes, thereby enabling this court to determine if such amendment was error, yet it contends that the charge as amended is affirmatively wrong on its face, and appellant having objected to the giving of such special charge as amended entitles it to a reversal of this case. We are of the opinion that appellant's contention is correct.

In our original opinion herein we did not consider this objection. In addition to the objections made by appellant and noted on the special charges as amended and given, the appellant, in paragraph 8 of its objections and exceptions to the court's charge, made the following exception and objection to the giving of the special charge in question as amended:

"The defendant objects and excepts to the giving of special charge requested by defendant as amended by the court, for the reason that the same is not a proper charge on the law, because, if the negligence of J. T. Sikes, if any, was the sole cause of plaintiff's injuries, then defendant would be entitled to a verdict at the hands of the jury, notwithstanding the agents in charge of the street car might also have been guilty of negligence."

[4, 5] This objection was duly presented as required by law and was made the basis of appellant's twelfth assignment of error, and brought forward in its propositions of law herein presented. The charge complained of

is affirmatively wrong, in that the proviso is conflicting with the body of the charge. It tells the jury that they cannot find for appellant, even though Sikes was the sole proximate cause of the injury, if they find that the appellant was "guilty of negligence in any respect submitted to you in the court's main charge." The giving of this special charge as amended over the objection of appellant made it the court's charge. The mere fact that appellant presented such special charge, even though erroneous, if amended and given by the trial judge over the objection of appellant, does not make it appellant's charge. Articles 1971, 1972, 1973, 1974, 1984a, and 1985, Vernon's Sayles' Civil Statutes, make it the duty of the court, in a trial by jury, to submit all of the controverted fact issues made by the pleadings and the evidence, and to submit them separately and distinctly, avoiding all intermingling. The statute further requires that objections to the court's charge must be made at the conclusion of the evidence, before the argument, and before the court's charge is read to the jury, else the objections are waived.

In the case at bar appellant not only had its objections noted on the special charge as amended and given by the trial court, but also specifically objected to the same, as shown by its exception and objection above quoted.

We are of the opinion that the court erred in giving the special charge as amended over appellant's objection; and the motion for rehearing is overruled.

Motion overruled.