**NORTHERN TEXAS TRACTION CO. v.
WOODALL et al.   (No. 1000–4872.)**

Commission of Appeals of Texas, Section A.
Nov. 2, 1927.

1. **Trial** ⊕350(5)—**In personal injury action
against two defendants, refusal to submit
pleaded defense whether negligence of one
was sole proximate cause of injury held er-
ror.**

In personal injury action against traction
company and automobile driver, brought by one
who was riding in automobile when it collided
with street car, refusal to submit issue whether
automobile driver's negligence in failing to keep
lookout was sole proximate cause of injury
sustained *held* error, where such issue was
pleaded as affirmative defense, and there was
evidence adduced supporting it.

2. **Trial** ⊕350(1)—**Defendant has right to af-
firmative presentation of any pleaded fact
which would establish defense.**

Defendant has right to affirmative presenta-
tion to jury of any fact or specified group of
facts relied on in his pleadings as a defense,
which, if true, would establish such defense.

3. **Appeal and error** ⊕1062(2)—**Refusal to
submit issue whether one defendant's negli-
gence was sole proximate cause of plaintiff's
injury held prejudicial error, notwithstanding
finding of another defendant's negligence aft-
er discovering plaintiff's peril.**

In personal injury action against automobile
driver and traction company, finding that latter
was guilty of negligence after plaintiff's peril
was discovered, which was proximate cause of
injury, *held* not to render harmless error in re-
fusing to submit issue whether automobile driv-
er's negligence in failing to keep lookout was
sole proximate cause of injury.

Error to Court of Civil Appeals of Second
Supreme Judicial District.

Action by W. R. Woodall against the North-
ern Texas Traction Company and another.
Judgment for plaintiff against named defend-
ant was affirmed by the Court of Civil Ap-
peals (294 S. W. 873), and named defendant
brings error. Reversed and remanded.

Cantey, Hanger & McMahon, W. D. Smith,
and E. A. McCord, all of Fort Worth, for
plaintiff in error.

Houtchens & Clark, of Fort Worth, for de-
fendants in error.

BISHOP, J.   Defendant in error Woodall
instituted this suit against plaintiff in error,
Northern Texas Traction Company, and M. J.
Bonner, to recover damages for personal in-
juries sustained in a collision between an
automobile driven by Bonner in which he
(Woodall) was riding, and a street car owned
by plaintiff in error, at an intersection of pub-
lic streets in the city of Fort Worth, Tex.  He
alleged in his petition that the operator of
the street car was negligent in approaching

said intersection without giving any warning
and without stopping or attempting to stop the
street car, and in driving the street car at an
excessive rate of speed, and that such negli-
gence was the proximate cause of his injuries.
The answer of plaintiff in error, traction com-
pany, tendered the issue as to whether Bon-
ner's negligence in failing to keep a proper
lookout as he approached the street car track
at the intersection was the sole proximate
cause of the collision and injury to defend-
ant in error Woodall, and there was evidence
adduced supporting this issue.

The case was submitted to a jury on special
issues, resulting in a verdict and judgment
against plaintiff in error, but in favor of its
codefendant, Bonner.  This judgment was by
the Court of Civil Appeals affirmed, Justice
Dunklin dissenting (294 S. W. 873).

[1-3]  The court refused to submit the issue
tendered as to whether Bonner's negligence
in failing to keep a lookout was the sole prox-
imate cause of the injury sustained.  The
refusal to submit this issue is assigned as er-
ror.  The assignment should be sustained.
The law applicable to this question is clearly
stated by Justice Dunklin in his dissenting
opinion as follows:

"Upon a further consideration, the writer has
reached the conclusion that appellant's assign-
ment of error, to the refusal of the trial court
to submit the issue as to whether or not the
defendant Bonner's negligence in failing to keep
a proper lookout for street cars on the occasion
of the accident in controversy was the sole
proximate cause of the collision in question,
should be sustained.  The court did submit the
issue as to whether or not Bonner was guilty
of negligence in that respect and whether such
negligence was a proximate cause of the acci-
dent, to both of which issues the jury returned
answers in the affirmative.  The appellant spe-
cially pleaded that such negligence on the part
of Bonner was the sole proximate cause of the
collision and the injury resulting to plaintiff
therefrom.

"It is a well-settled rule of decisions of this
state that a defendant has the right to an af-
firmative presentation to the jury of any fact
or specified group of facts relied on in his
pleadings as a defense, which, if true, would es-
tablish such defense.  The leading decision is
M. K. & T. Ry. Co. v. McGlamory, 89 Tex. 635,
35 S. W. 1058.  The rule announced in that de-
cision has been uniformly followed in many oth-
er decisions, both by the Supreme Court and
Courts of Civil Appeals, such as Fox v. Dallas
Hotel Co., 111 Tex. 461, 240 S. W. 517; Id.
(Tex. Civ. App.) 196 S. W. 648; St. L. S. W.
Ry. Co. v. Johnson, 100 Tex. 237, 97 S. W.
1039; Fort W. & D. C. Ry. Co. v. Taylor (Tex.
Civ. App.) 153 S. W. 355; Jones v. M. K. &
T. Ry. Co. (Tex. Civ. App.) 157 S. W. 213;
G., C. & S. F. Ry. Co. v. Loyd (Tex. Civ. App.)
175 S. W. 721; Texas Electric Ry. Co. v. Sikes
(Tex. Civ. App.) 251 S. W. 589; Gammage v.
Gamer Co., 213 S. W. 930, by Commission of
Appeals, whose conclusions were adopted by
the Supreme Court; Armour & Co. v. Morgan,

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

108 Tex. 417, 194 S. W. 942, and many other cases which might be cited.

"In the case of Gammage v. Gamer Co., 213 S. W. 930, noted above, plaintiff was allowed a recovery upon a finding of negligence on the part of defendant in a single respect, and the judgment was reversed by our Supreme Court for the sole reason that the court refused defendant's requested instruction presenting the negative of that issue. The two decisions noted above, Texas Electric Ry. Co. v. Sikes, 251 S. W. 589, by the Austin Court of Civil Appeals, and G., C. & S. F. Ry. Co. v. Loyd, 175 S. W. 721, by this court, specifically support the assignment referred to above.

"In the opinion of the majority on this motion for rehearing, some probable doubt is implied as to the soundness of the opinions in the two cases last cited, by reason of the fact that neither of them was ever passed on by the Supreme Court; no writs of error having been prosecuted to that court. The writer is of the opinion that both of those decisions were correct, since they were in full accord with and sustained by the decisions in the McGlamory Case and other decisions following it. Furthermore, our Supreme Court in Armour & Co. v. Morgan, 108 Tex. 417, 194 S. W. 942, decided the same question decided in those two cases, and in the same manner, as shown in the following quotation from the syllabus: 'Where a servant is injured by negligence of the master recovery may be had through negligence of a fellow servant combined with it to cause the injury; but not where the fellow servant's negligence was the sole cause. The pleading and evidence raising the issue as to whether the injury was caused solely by the negligence of a fellow servant, a requested instruction denying recovery in that event was improperly refused, though the charge given authorized recovery only on finding of negligence by the master.' And that decision was cited with approval in Gammage v. Gamer Co., 213 S. W. 930, by the Commission of Appeals, which is noted above.

"In Campbell v. Johnson, 290 S. W. 526, by the Commission of Appeals, such decisions as M. K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, and G., C. & S. F. Ry. Co. v. Gorman, 112 Tex. 147, 245 S. W. 418, are cited with approval, with the further holding that the rule therein announced, requiring an affirmative submission of a defense, is applicable to the submission of the issue of proximate cause, to the same extent as it is to the issue of negligence.

"The writer is of opinion further that the fact that the jury also found appellant guilty of negligence after the plaintiff's peril was discovered, which was a proximate cause of the injury, furnishes no sufficient reason for holding that the refusal of the requested instruction now under consideration was, at all events, harmless error; since a finding, which the jury might have made under the evidence, that the negligence of the defendant Bonner was the sole proximate cause of plaintiff's injury, necessarily would have precluded a finding that the alleged negligence after discovered peril was also a proximate cause of the injury. It occurs to the writer that the reason advanced by the majority would lead logically to a denial of

the rule altogether that was announced in the McGlamory Case and uniformly followed by all our appellate courts in later decisions.

"Accordingly, it is the opinion of the writer that appellant's motion for rehearing should be granted, the assignment of error to the refusal of the trial court to submit to the jury the requested issue noted above should be sustained; that our former judgment affirming the judgment of the trial court should be set aside and the cause remanded."

We recommend that the judgment of both courts against plaintiff in error be reversed and the cause be remanded to the district court.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.