**MONTRIEF & MONTRIEF v. BRAGG et al.**
(No. 850–4927.)

Commission of Appeals of Texas, Section B.
Feb. 15, 1928.

1. Trial ⚖️350(1)—Defendant is entitled to have issue pleaded and raised by evidence submitted to jury.

A defendant has the right to an affirmative presentation to the jury of any fact, or group of facts, relied on in his pleadings as a defense, and raised by the evidence, which, if true, would establish such defense.

2. Appeal and error ⚖️1062(2)—Refusal to submit issue whether other defendant's negligence was sole proximate cause of injury held reversible error, notwithstanding jury found negligence of each defendant was proximate cause.

In action for personal injuries against a gas company and a plumbing firm, refusal of plumbing firm's requested special issue whether negligence of gas company was the sole proximate cause of plaintiff's injury, which issue such defendant was entitled, under the evidence, to have submitted, *held* reversible error, as against contention that the error, if any, was rendered harmless because jury specifically found that negligence of each defendant proximately contributed to injury.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Henry Bragg against the Fort Worth Gas Company and Montrief & Montrief. Judgment for plaintiff against both defendants was affirmed by the Court of Civil Appeals (297 S. W. 244), and judgment for defendant Montrief & Montrief over against the Gas Company was set aside, and said defendant Montrief & Montrief brings error. Reversed and remanded.

Thompson & Barwise and B. V. Thompson, all of Fort Worth, for plaintiff in error.

McLean, Scott & Sayers, Capps, Cantey, Hanger & McMahon, and Slay, Simon & Smith, all of Fort Worth, for defendants in error.

LEDDY, J. Henry Bragg recovered a judgment against the Fort Worth Gas Company and the plaintiffs in error on account of damages sustained by him on November 15, 1924, as a result of an explosion of natural gas in the basement of the Ritz Theater building in the city of Fort Worth.

It appears that plaintiffs in error were engaged in converting a coal burner heating plant into a gas burner heating plant in said theater building, and had left an open pipe extending into the basement through which gas escaped and came in contact with an open fire, resulting in an explosion inflicting the injuries for which damages were awarded. The basis for a recovery was the negligence of the gas company in turning on the gas at a valve in the alley, which had been previously cut off, and as against the plaintiffs in error that they were guilty of negligence in failing to cap the open pipe through which the gas escaped into the basement.

Plaintiffs in error's answer contained a special plea to the effect that the negligent acts and omissions (which were fully particularized) of the Fort Worth Gas Company, its codefendant, were *the sole proxi-*

---

*mate cause* of the damages and injuries received by Henry Bragg.

Under such plea, plaintiffs in error seasonably presented to the court its specially requested issues Nos. 1, 2, and 3, which are as follows:

"(1) Was the act of the employee of the defendant Fort Worth Gas Company in turning on the gas on the night of the explosion in question *the sole proximate cause of said explosion and the resulting injuries to plaintiffs herein.*

"(2) Would a person of ordinary prudence, in turning on the gas at the Fort Worth Gas Company's main on the night of the explosion in question, have anticipated that the explosion and plaintiff's injuries, or some similar injuries, if any, would occur, regardless of whether or not defendants Montrief & Montrief's workman had left the pipe uncapped, through which the gas escaped into the room on the night of the explosion."

"(3a) Was Mr. Stinson, the defendant Fort Worth Gas Company's superintendent, negligent in failing to notify the nightman of the Fort Worth Gas Company, when said nightman came on duty, that defendants Montrief & Montrief were working on the gas lines of the Ritz Theater?

"(b) Was such failure of the said Stinson to notify the said Fort Worth Gas Company's nightman *the sole proximate cause of the explosion in question.*"

All of these issues were refused by the court, and, upon appeal, the honorable Court of Civil Appeals held that the refusal to give such special issues was not reversible error, because the jury, in answer to the several issues submitted by the court, expressly found negligence on the part of each appellant, and that the negligence of each appellant constituted *a proximate cause* of the explosion and resulting injuries, the court concluding that such finding precluded any reasonable contention that the failure to give such special issues constituted reversible error.

[1] The rule in this state is settled that a defendant has the right to an affirmative presentation to the jury of any fact or group of facts relied on in his pleadings as a defense and raised by the evidence, which, if true, would establish such defense. M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; St. Louis S. W. Ry. Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Armour & Co. v. Morgan, 108 Tex. 417, 194 S. W. 942; Gammage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930; G., C. & S. F. Ry. Co. v. Loyd (Tex. Civ. App.) 175 S. W. 721; Texas Electric Ry. Co. v. Sikes (Tex. Civ. App.) 251 S. W. 589.

[2] Montrief & Montrief, having specially pleaded the issues sought to be submitted by the requested special issues, were entitled, in the state of the evidence, to an affirmative submission of such issues. The Court of Civil Appeals in effect so holds, but disposed of plaintiffs in error's complaint of the refusal to submit these issues affirmatively, on the theory that the subsequent findings of the jury rendered the error harmless. The case of Northern Texas Traction Co. v. Woodall, 294 S. W. 873, decided by the same court, is cited in support of the correctness of this holding. The ruling on this point is sustained by the Woodall Case. A writ of error, however, was granted by the Supreme Court in that case, and the particular holding relied upon was reversed in an opinion by the Commission of Appeals, Section A, which was approved by the Supreme Court. See Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220 (not yet officially reported).

It is definitely held in the above case that the legal right of a defendant to have an issue which is specially pleaded and raised by the evidence affirmatively submitted is not determinable by what the jury may have found on a general submission of such issue. If such procedure should be sanctioned, the rule announced in the McGlamory and subsequent cases would be entirely destroyed.

A complete answer to the contention that the findings of the jury rendered harmless the refusal to submit the special issues complained of is that the jury may not have so found under the affirmative presentation of the same to which plaintiffs in error were entitled.

For the error discussed, we recommend that the judgment of the trial court and the Court of Civil Appeals be reversed, and the cause remanded.

GREENWOOD and PIERSON, JJ. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded, as recommended by the Commission of Appeals. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.