RACHEL ANDERSON v. JEFFERSON COTTON OIL AND
REFINING COMPANY.

Decided April 22, 1903.

**1.—Charge—Giving Undue Prominence.**
Where the main charge submitted an issue of contributory negligence only generally, a further charge submitting it in connection with the very facts upon which defendant relied as constituting such negligence, was not erroneous as giving, by repetition, undue prominence to that matter.

**2.—Contributory Negligence—Injury to Employe.**
Facts held to show that an employe in an oil mill was guilty of contributory negligence in operating a machine termed a "former," by reason of which his hand was cut.

Error from the District Court of Marion. Tried below before Hon. J. M. Talbot.

*Geo. T. Todd* and *Todd & Armistead,* for plaintiff in error.

*W. T. Armistead,* for defendant in error.

JAMES, CHIEF JUSTICE.—Plaintiff sued for damages arising to her from an injury to her 18-year-old son, which consisted of the loss of three fingers. He was an employe in appellee's mill, having commenced work there over two years previous to the accident. No question is made as to his capacity to understand and realize danger, or to commit contributory negligence. When hurt he was engaged in operating what is called a "former," and we may illustrate what he was doing by quoting from his testimony: "When I got hurt last December I was working at the former, pulling forms. That is, when the lever is down the carriage is stopped-and back, and I pull a rag or cloth over the tray, and then the meal drops over the rag in the tray and is folded and then pressed. The carriage does not come forward till the lever is raised, usually. The time I was hurt I had my hand pulling the cloth over the tray, and the carriage came forward and cut my fingers off. I had been working at the former about two weeks before the hurt, and then I laid off five or six days and went back to work on it, and had worked the last time on it about a week. I was on the night run. * * * I used my hand to pull down the lever for every cake made during the night run, about 2400 times each night. I got hurt as I was fixing for the last cake on that night. I had to spread mats on tray which received the meal. When I got hurt I did not pull the lever or expect the carriage to come out until I got ready for it. As the carriage came out or forward and caught my fingers I took the lever to be half cocked, and I pushed it down with my hand. The carriage then went back and stood still. I did not pull the lever and was not expecting the carriage to come out," etc.

Besides general denial, defendant pleaded assumed risk, and contributory negligence. Our conclusions of facts are that there was testimony supporting both issues, and warranted their submission to the jury. The matters brought into question in this appeal, however, relate particularly to contributory negligence.

The court gave a general charge submitting fully all the issues. The assignments complain of the giving of a special instruction, requested by defendant, which reads as follows: "If you believe that said Milton Andrews, in operating the machine, struck the lever in some way and caused it to rise up, and thereby caused the carriage to come out and crush his fingers, and in striking said lever he did not act with ordinary care, then plaintiff can not recover."

Those objections to this instruction which claim that the evidence did not warrant the verdict, nor the submission of the particular question of fact embodied in the instruction, are not sustained.

Among other testimony indicating that Andrews struck the lever and thereby made it rise, one witness testified that he, after the occurrence, told him that the rag or mat pulled the lever up, that he was pulling or spreading the mat and it was hung somehow, and, he could see, caught something; another testified that he, Andrews, told him that, as he picked the mat up to put it on the tray, a hole was in the mat, and it caught in the lever and pulled it up, which caused the carriage to come out and catch his fingers on his right hand between the carriage and the bumper.

The special instruction is also complained of because (1) the same is not the law unless the lever and machine is ordinarily safe and in its broken or defective condition formed such safe appliance as the master was required to furnish; and (2) the legal proposition it embodies was fully covered in the general charge, and the special instruction was superfluous and misleading.

The brief does not present the subjects to us in a very perspicuous manner. If, as we infer, appellant intends by the second of these objections to claim that error was committed by undue repetition in reference to contributory negligence, we do not sustain her, because the main charge submitted the issue only generally, and this instruction submitted it in connection with the very facts upon which defendant seems to have relied, in its pleading and by testimony, as constituting such negligence. Railway Co. v. McGlamory, 89 Texas, 635.

There was no dispute in the testimony that the effect of raising the lever in any condition of the machine was to bring the carriage forward. Appellant in support of the first of said objections refers to Andrews' testimony "that he learned after he got hurt that there ought to be a spring to the lever and pull it down, and that the spring was broken when he was hurt." But we find that he testified in the same connection: "But if it had none, or (it) was broke, the hand was used to push it down. I had been using my hand this way all the time. * * * The

32 Civil—19.

carriage is supposed to stay back until the lever is pulled up.  *  *  *
I used my hand to pull down the lever for every cake made during the
night run, about 2400 times each night.  *  *  *  'When I got hurt·I
did not pull the lever or expect the carriage·to come out until I got
ready for it.  *  *  *  When I pulled the lever up the carriage came
out; when I pulled the lever down the carriage went back."

The evidence shows clearly that the lever was pulled upward by hand
to throw the carriage forward, even where the machine was supplied with
a spring to hold the lever down.  Under such circumstances there seems
there can be nothing in the contention.  If the lever was raised by some
negligent act of Andrews at the time, as there was evidence tending to
show, then such negligence was a defense to the action.

Affirmed.

*Affirmed.*

Writ of error refused.