CASE 36.—ACTION BY H. B. CASSELL AGAINST THE SOUTH-
ERN RAILWAY CO. FOR WRONGFULLY EJECTING
HIM FROM ITS TRAIN.—March 14.

## Southern Ry. Co. v. Cassell

Appeal from Anderson Circuit Court.

R. F. Peak Circuit Judge.

Judgment for plaintiff, defendant appeals. Af-
firmed.

1. Carriers—Tickets—Conditions—Identification of Passenger—A
railway ticket, signed by the purchaser, and reading: "I agree
to identify myself as the original purchaser of this ticket,
by signature or otherwise, to the satisfaction of the con-
ductor, agents, or representatives of the railway companies
over whose lines this ticket reads whenever called upon to
do so"—does not require the passenger to satisfy the con-
ductor of his identity as the original purchaser, but only
requires identification by such proof as would satisfy the mind
of a reasonable, conscientious, and prudent man selected by
the parties to pass on the question.

2. Same—Breach of Contract—Actions—Venue—Civil Code Prac.,
section 73, localizing certain actions and pertaining to com-
mon carriers exclusively, one part relating to actions on
contract to carry property, the other to actions for torts,
either injury to the person of a passenger, or for injury to
the person or property of another, does not include actions
on contracts to carry passengers.

3. Same—Under Civil Code Prac., section 72, localizing certain
actions, applicable to all corporations, except as expressly
excluded by other sections, and providing that actions against
corporations on contract may be brought in the county in
which the contract was made, where a contract for carriage
of a passenger over connecting lines of railroad was made
by the initial carrier in a certain county on behalf of the
connecting carrier, and thereafter ratified by the latter, which
undertook to carry it out, the circuit court of the county had

Southern Ry. Co. v. Cassell.

jurisdiction of the connecting road, in an action against both roads for breach of the contract.

4. Same—Ejecting Passenger—Excessive Damages—Evidence— Where plaintiff was wrongfully ejected from defendant's train about midnight, at a strange town, for failure to satisfy the railroad conductor of his identity as original purchaser of a ticket presented by him, the evidence showing that the conductor's manner was insolent, high-handed and unnecessarily humiliating, that he acted hastily and without proper consideration or prudence, and that he cursed plaintiff and otherwise treated him harshly in the presence of the passengers on the car, a verdict for $1,000 for plaintiff was not so excessive as to indicate passion or prejudice on the part of the jury.

WILLIS & TODD and HUMPHREY, HINES & HUMPHREY for appellant.

## SUMMARY.

### POINTS AND EVIDENCE RELIED UPON.

1. Want of jurisdiction, section 80, Civil Code; Ault v. Everett, &c., 16 Ky. Law Rep., 93; C. & O. & S. W. R. R. Co. v. Heath's Administrator, 87 Ky., 656; Lillard v. Brannon & Brand, 91 Ky., 516.

2. Error in instruction; B. & O. & S. W. Ry. Co. v. Hudson, 25 Ky. Law Rep., p. 2154.

3. Damages excessive; L. & E. R. R. Co. v. Lyons, 104 Ky., p. 23; L. & N. R. R. Co. v. Wilsey, 11 Ky. Law Rep., p. 419; L. & N. R. R. Co. v. Wilkerson, 15 Ky. Law Rep., p. 92; C. & O. Ry. Co. v. Osborne, 97 Ky., p. 112; L. & N. R. R. Co. v. Breckinridge, 17 Ky. Law Rep., p. 1303; L. & N. R. R. Co. v. Jordan, 23 Ky. Law Rep., 1730.

CHARLES CARROLL and W. H. MORGAN for appellee.

### AUTHORITIES CITED.

C. & O. R. R. Co. v. Cowherd, 96 Ky.; L. & N. v. Chestnut, 24 Ky. Law Rep., 1846; N. N. M. V. Co. v. Thomas, 15 Ky. Law Rep., 876; C. & O. v. Heath's Admr., 87 Ky., 659; Civil Code, sections 80 and 92; B. & O. & S. W. Ry. Co. v. Hudson, 25 Ky. Law Rep., 2154; L. & N. v. Wilkinson, 15 Ky. Law Rep., 92; L. & N. v. Mitchell, 87 Ky., 337; C. & O. v. Osborne, 97 Ky., 112;

Georgia R. R. Co. v. Homer, 73 Ga., 256; Chicago & Alton R. R. Co. v. Flagg, 43 Ill., 364.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellee bought a round-trip ticket at Lawrenceburg, Ky., from an agent of the Southern Railway Company in Kentucky, for a continuous passage each way between Lawrenceburg and St. Louis, traveling from Lawrenceburg to Louisville over the Southern Railway in Kentucky, and between Louisville and St. Louis over the Southern Railway. The two companies are represented to be distinct corporations. By reason of a mistake of the conductor on the passenger train of the Southern Railway Company, appellee's identification as the original purchaser of the ticket was rejected, and, as he did not have the means of paying his fare, he was put off the train about midnight at a strange town in Illinois. There was evidence that the conductor's manner was insolent, highhanded, and unnecessarily humiliating. Appellee sued both companies to recover damages for his wrongful ejection from the train.

One of the conditions of the ticket which was signed by the purchaser was this agreement: "I agree to identify myself as the original purchaser of this ticket, by signature or otherwise, to the satisfaction of the conductors, agents, or representatives of the railway companies over whose lines this ticket reads whenever called upon to do so." The conductor, when taking up the ticket on the return trip from St. Louis, asked appellee to sign his name on the back of the ticket, which he did in the conductor's presence. He was required to again sign his name, but an a separate piece of paper, which he did. He was inquired of as

to his name, place of residence, and the sum he paid
for the ticket, all of which he answered truthfully.
The conductor was of opinion that appellee was mis-
taken as to the amount paid for the ticket, saying it
was too much, which seemed to confirm his suspicion
aroused by what he deemed a dissimilarity in the
handwriting in which the original signature and the
ones made in his presence had been executed. That
he was not satisfied the one way or the other from the
handwriting alone is shown by his asking the other
questions. That his doubts were resolved against
appellee on hearing his answer as to what he paid for
the ticket is evidenced by the response he made, which
was the only fact detailed to him that he evinced a
knowledge of himself upon which he convicted appel-
lee of falsehood, and as being an impostor. We have
seen that he was mistaken. He evidently did not know
the correct rate between Lawrenceburg and St. Louis.
Assuming to act upon insufficient knowledge on the
point was to resolve a statement of appellee, which
the conductor did not know to be untrue, into a doubt,
and then to resolve the doubt against the passenger.
Appellee was unable to produce any other evidence of
his identity except an unused ticket which he had
bought in Texas on the trip, and which he had signed
when he bought it. He also had a valise with a tag on
it on which his name was written, and which the con-
ductor saw, according to appellee's evidence. In
addition, appellee testified that he told the conductor
that he had 65 cents, which he offered him to pay for
a telegram to the station agent at Lawrenceburg,
Ky., to inquire whether appellee did not buy a ticket
corresponding with the one offered on the date it
bore; but the conductor refused to send the telegram.

There was some evidence tending to show that the conductor's action was not unreasonable or oppressive. Under these facts the court instructed the jury that it was the duty of the plaintiff to identify himself as the original purchaser of the ticket presented by him by such proof as would have satisfied the mind of a reasonable, conscientious, and prudent man selected by the parties to pass upon the question. This instruction was based upon B. & O. S. W. R. Co. v. Hudson, 117 Ky. 995, 80 S. W. 454, 25 Ky. Law Rep., 2154. The contract in that case was substantially the same as the one in the case at bar. The contract, properly construed, is not that the purchaser will satisfy the conductor of his identity as original purchaser. No quantity of evidence might have done that. . For after all had been done that could have been, and all that any reasonable person would have required, still the conductor in this instance might not have been satisfied, and would have had the right under appellant's view of the law to have refused the ticket and ejected the passenger under circumstances most unreasonable and unwarranted. Such could not have been the intention of both parties in entering into the contract of carriage. We adhere to the rule adopted in Hudson's case, supra.

At the conclusion of the evidence the trial court gave a peremptory instruction to the jury to find for the defendant the Southern Railway Company in Kentucky. Thereupon appellant Southern Railway Company entered its motion for a nonsuit upon the ground that the Anderson Circuit Court had not jurisdiction of it in this action. The two companies were joined as defendants. Only one of them, the Southern Railway in Kentucky, operated a railroad in Anderson

vol. 122—21.

county; it being alleged, and not controverted, that appellant did not own or operate any railroad in Anderson county. The question of jurisdiction was preserved by appellant by unobjectionable practice, and the question properly presented whether the Anderson Circuit Court had jurisdiction of appellant without its codefendant being joined in the action.

Sections 72 and 73, Civil Code of Practice localize certain actions. The latter pertains to common carriers exclusively. It is divisible into two parts—one relating to actions upon contracts to carry property; the other, to actions for torts, either injury to the person of a passenger, or for injury to the person or property of another. The section does not include actions upon contracts to carry passengers; nor does any other section of the Code expressly embrace such action. But section 72, Civil Code of Practice, which applies to all corporations, except as expressly excluded by other sections of the Code, provides that actions against corporations upon contract may be brought in the county in which the contract was made. This is an action upon a contract, for a breach of the contract to carry the plaintiff as stipulated in the signed agreement, and as it was made in Anderson county the venue of the action was properly laid in that county. Appellant was one of the parties to the contract. It was made on its behalf by the Southern Railway Company in Kentucky, and when ratified by it and it undertook to carry it out it was executing the identical contract sued upon in this case. Therefore, the Anderson circuit court had jurisdiction of the person of appellant by service of process.

Complaint is made that the verdict is excessive. The jury awarded appellee $1,000. Under the facts

Southern Ry. Co. v. Cassell.

shown we do not think it was so excessive as to indi-cate passion or prejudice on the part of the jury. We believe the evidence shows the conductor was mad, having just had some difficulty with other pas-sengers on the same subject, and acted hastily, and without proper consideration or prudence. His conduct was unreasonable, overbearing, and despotic. He must have known that to put the passenger off the train at that time and under those circumstances was a serious matter, to him at least. He should have been sure of his case before acting so, and, in any event, he had no right to curse appellee, and other-wise treat him harshly in the presence of the passen-gers on the car.

On the whole case, we think the judgment should be affirmed.