JONES v. MISSOURI, K. & T. RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Galveston. April 25, 1913. Rehearing Denied May 15, 1913.)

1. TRIAL (§ 194*)—INSTRUCTION—WEIGHT OF EVIDENCE.

In an action against a carrier for wrongful expulsion, where the defense was that the carrier's officers really believed with reasonable grounds that plaintiff was not the purchaser of the ticket which he presented for carriage, and the court generally charged the jury that, if plaintiff failed or refused to identify himself as the original purchaser in a manner to satisfy an ordinarily prudent person, then verdict should be for defendant, a special charge, given on request of the defendant, that, if there was a sufficient difference between the signature upon the ticket offered and the signature made by plaintiff at the request of the train auditor to make plaintiff's identification unsatisfactory, then the burden rested upon plaintiff to establish his identity by such proof as would satisfy the mind of a reasonable, prudent man, and unless this was done plaintiff was not entitled to passage, was not improper as upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194;* Carriers, Cent. Dig. § 1337.]

2. TRIAL (§ 229*) — INSTRUCTIONS — REPETITION.

In an action against a carrier for wrongful expulsion, where the court charged abstractly upon defendant's theory of defense, the giving of a special charge presenting the rule of law in connection with the concrete facts was not improper as undue repetition.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

3. CARRIERS (§ 356*)—CARRIAGE OF PASSENGERS—IDENTIFICATION.

A purchaser of a reduced rate ticket providing for identification of the holder as the original purchaser, to be established by signature or otherwise to the satisfaction of any

agent or conductor whenever requested, and that the ticket should be void if presented by any person other than the original purchaser, has the burden of identifying himself to the railroad company's train auditor as the original purchaser in such a manner as ought to satisfy an ordinarily prudent person in the situation of the auditor, and if he fails or refuses he cannot recover damages for ejection.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423–1432; Dec. Dig. § 356.*]

4. CARRIERS (§ 384*) — MISLEADING INSTRUCTIONS.

In an action by the purchaser of a reduced rate ticket for wrongful expulsion, a special charge, given at the request of defendant, that if there was sufficient difference between the signature upon the ticket offered and the signature by plaintiff, made at the request of the train auditor, to make identification unsatisfactory, then plaintiff was bound to establish his identity by proof to the auditor of such a character as to satisfy the mind of a reasonable, conscientious and prudent person, or he was not entitled to passage, was not so misleading to the jury as to render probable the rendition of an improper verdict or to induce them to consider alone the circumstances relevant to identification.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1497–1500; Dec. Dig. § 384.*]

Error to District Court, Harris County; Chas. E. Ashe, Judge.

Action by John L. Jones against the Missouri, Kansas, & Texas Railway Company of Texas. There was a judgment for defendant, and plaintiff brings error. Affirmed.

John Lovejoy and Presley K. Ewing, both of Houston, for plaintiff in error. Baker, Botts, Parker & Garwood and John C. Townes, Jr., all of Houston, for defendant in error.

McMEANS, J. This is an action by plaintiff in error, John L. Jones, to recover damages from the defendant in error, Missouri, Kansas & Texas Railway Company of Texas, for his alleged wrongful expulsion as a passenger from one of defendant's passenger trains. Plaintiff alleged that on January 29, 1911, he purchased at St. Louis at reduced tourist rates, from defendant's connecting line, it being duly authorized by defendant, three whole tickets and one-half ticket for his family, including himself, to San Antonio and return, the going trip to be begun on that day, and the return trip completed before midnight of June 1, 1911, with stopover privilege at Houston, and the right to have the ticket validated at Houston for return without continuing the journey to San Antonio; and that each ticket provided for identification of the holder as the original purchaser to be established by signature and otherwise, to the satisfaction of any agent or conductor whenever requested, and that if the ticket should be presented by any person other than the original purchaser it would be void and might be confiscated. Plaintiff further alleged that he made the trip to Houston, and that, desiring to return to St. Louis, he had his ticket duly validated for return to Houston and started on his return journey on March 5, 1911, and that defendant's auditor on the passenger train on which he took passage required plaintiff to sign his name a number of times on slips of paper for identification, denounced 'him as a forger and subject to the penitentiary, and after confiscating his ticket forcibly ejected him from the train at Sealy, at the same time insulting and abusing him. Plaintiff alleged further efforts on his part to identify himself as the original purchaser of the ticket by exhibiting to the auditor his business card, with assurances of where he lived and of his business there, and charged that such reasonable identification of himself was established in the manner required as would have been satisfactory to any ordinarily prudent man in the situation of the auditor. He prayed for damages in the sum of $15,000. The defendant answered by general denial. A trial before a jury resulted in a verdict and judgment for defendant. Plaintiff has appealed.

The allegations of the petition as to the purchase by plaintiff of the ticket at St. Louis, its due validation at Houston, its presentation to the train auditor upon the beginning of the return trip, and its confiscation, were sustained by the evidence. As to the conduct of the auditor towards plaintiff, whether insulting, abusive, or otherwise, and whether plaintiff was forcibly ejected from the train, or left it quietly upon the auditor's request, were matters about which there was sharp conflict in the evidence, and this conflict was, by the verdict of the jury, resolved in defendant's favor.

When the train auditor in taking up the tickets reached the sleeping car where plaintiff was, the ticket was presented to him by plaintiff, and in a short while thereafter the auditor requested plaintiff to sign his name on a slip of paper, and afterwards again requested him to sign his name on another slip, and plaintiff testified that he wrote his name several times at the auditor's instance, and continued to write his name as often as the auditor requested. It was shown that the auditor claimed he was not satisfied by this that plaintiff was the original purchaser of the ticket, claiming that the signature written by plaintiff on the slips of paper did not correspond with that written on the ticket, and that he asked plaintiff to identify himself by showing his business card or by a letter addressed to him. Plaintiff testified that he thereupon produced his business card, and also showed him a name of a St. Louis house from which he purchased' his overcoat stamped on the inside of the coat. The auditor denied this, and testified that plaintiff only wrote his name twice, each time at his (the auditor's) request, and did nothing further to identify himself as the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

purchaser of the ticket, although requested to do so. The ticket contained this provision: "Identification of holder as original purchaser must be established by signature and otherwise to the satisfaction of any agent or conductor whenever requested." There was a further provision that, if the ticket should be presented by any person other than the original purchaser, it would be void and might be confiscated.

Under substantially this evidence the court charged the jury as follows: "If, from the evidence, you believe that plaintiff was the original purchaser of the ticket in question, and that he identified himself to defendant's agent in that behalf as the original purchaser by signature and otherwise in such manner as ought reasonably to have satisfied an ordinarily prudent person in the situation of such agent, and that notwithstanding he was by the defendant's agent in that behalf expelled from the train at Sealy, that is, compelled to leave the train at that point, then plaintiff is entitled to recover, and, if you so find, return your verdict in his favor. The burden is upon plaintiff to prove the facts necessary for his recovery, as submitted to you by the court, and, unless such facts are shown to you by a preponderance of the evidence, return your verdict for the defendant. If from the evidence you find that the plaintiff, on request of defendant's agent engaged in taking up the tickets on the train, failed or refused to identify himself as the original purchaser, in such manner as ought reasonably to have satisfied an ordinarily prudent person in the situation of the agent of his identity as the original purchaser, then return your verdict for the defendant. If you believe from the evidence that plaintiff, after signing at the request of defendant's agent in that behalf, refused to further sign, and you believe that, by the acts and conduct of such agent towards plaintiff as alleged, plaintiff was reasonably induced to believe that any further signature or effort at identification on his part would be vain and useless, then plaintiff's refusal to further sign would not prevent his recovery, if otherwise entitled to recover under the instructions herein."

Appellant's first and only assignment of error is based upon the action of the court in giving the following special charge at the instance of defendant: "If you should find from the evidence that there was a sufficient difference in the signature upon the ticket offered for transportation by plaintiff and the signature made by said plaintiff at the request of the auditor, Wilson, to make the plaintiff's identification unsatisfactory to a person of ordinary prudence and conscience, then you are instructed that, under the form of ticket which plaintiff presented to said auditor on defendant's train, the burden rested upon the plaintiff, Jones, to establish his identity by proof to the said auditor of such character as would have satisfied the mind of a reasonable, conscientious, and prudent man; and unless plaintiff discharged this burden, if you find it rested upon him' as above set out, he would not be entitled to passage on the train of the defendant railway company."

Under this assignment appellant contends: First, that the special charge was on the weight of the evidence, in singling out the circumstance of difference in the signatures and instructing as to its legal effect, instead of leaving it to be considered in connection with all the other facts on the issue of proper identification; second, that in view of the specific provisions of the general charge on the issue of identification, the special charge was undue repetition, reasonably calculated to operate to plaintiff's prejudice; third, that the special charge was erroneous as placing too great a burden on plaintiff, requiring him to establish his identity by proof of such character as would have satisfied the mind of a reasonable, conscientious, and prudent man; and, fourth, that said charge was misleading in that it was calculated to induce the jury to believe that the plaintiff, without regard to the meager means of proof at command on the train, had on him there and then the judicial burden as defined in the main charge, or some equally exacting burden, to establish his identity, and in that it was calculated to induce the jury to consider separately alone, instead of together in their entirety, the circumstances relevant to the identification.

[1, 2] We are of the opinion that the special charge is not subject to any of the criticism made against it. It was the contention of the railroad company that the plaintiff made no effort to identify himself as the original purchaser of the ticket further than to write his name upon the slips of paper, and that because of dissimilarity of signature written upon the slips and upon the ticket the auditor was not satisfied with the identification, whereupon, under the provisions of the ticket above quoted, it was incumbent upon plaintiff to otherwise establish his identity, failing in which the defendant was entitled to confiscate the ticket and eject the person presenting it upon his failure to pay his fare. The court charged the jury that: "If from the evidence you find that the plaintiff, on request of defendant's agent engaged in taking up the tickets on the train, failed or refused to identify himself as the original purchaser, in such manner as ought reasonably to have satisfied an ordinarily prudent person, in the situation of the agent, of his identity as the original purchaser, then return your verdict for defendant." This charge stated in broad and general terms the defendant's defense, and the special charge submitted it in connection with the very facts upon which defendant relied to defeat recovery. We understand

from the authorities that this is permissible, and that in so submitting defendant's defense the charge is not open to the objection that it is upon the weight of the testimony or of undue repetition. Anderson v. Jefferson Cotton Oil & Refining Co., 32 Tex. Civ. App. 288, 74 S. W. 342; Railway v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway v. Shieder, 88 Tex. 167, 30 S. W. 902, 28 L. R. A. 538.

[3, 4] The court's charge defining the burden resting upon plaintiff to identify himself as the original purchaser to be such as ought reasonably to have satisfied an ordinarily prudent person in the situation of the auditor is, we think, correct. We are of the opinion, however, that the special charge requiring plaintiff to establish his identity by such proof as would have satisfied the mind of a reasonable, conscientious, and prudent person, was not so misleading as to cause the jury, which we assume was composed of men of ordinary judgment and common sense, to render an improper verdict. The special charge seems to follow what is declared in Railway v. Hudson, 117 Ky. 995, 80 S. W. 454, approved in Railway v. Cassell, 122 Ky. 317, 92 S. W. 281, to be the burden under which the passenger rested. Nor do we think the special charge was calculated to induce the jury to consider separately alone, instead of together in their entirety, the circumstances relevant to identification.

We think the assignment does not present reversible error, and the judgment of the court below is affirmed.

Affirmed.