**BAKER et al. v. BEATTY et al.** (No. 9684.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 12, 1921.)

1. **Trial ⬅️350(5)—Refusal to submit special issue as to proximate cause of flood held error.**

In an action against a railroad company for damages from flood alleged to have been caused by obstructing stream, where there was evidence that there was a narrow place in the channel of the creek, smaller and capable of carrying less water than under the bridge in question, *held*, that refusal to submit a special issue as to whether such narrow place was the proximate and direct cause of the flood was error.

2. **Trial ⬅️350(5) — In action for damages from obstructing stream, special issue as to whether flood was caused solely by defendant held erroneously refused.**

Failure to submit a special issue as to whether the damage complained of, if any, was caused solely by the embankment or trestle defendant railroad constructed across plaintiffs' land, *held* error, inasmuch as other instructions did not require a finding in an affirmative form on such issue.

3. **Trial ⬅️350(2)—Refusal of issue calling for answer as to evidentiary fact held not error.**

The refusal of a request for submission of a special issue calling for an answer as to a fact evidentiary in character, was not reversible error.

4. **Trial ⬅️215—On submission of special issues, general charge improper.**

A general charge is not proper in a case submitted on special issues.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by Mrs. J. T. Beatty and another against James A. Baker, receiver of the International & Great Northern Railway Company, and John Barton Payne, Federal Agent. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner, and F. B. Walker, all of Fort Worth, for appellants.

Simpson & Moore, of Fort Worth, for appellees.

BUCK, J. This is a suit for damages filed by plaintiffs, Mrs. J. T. Beatty and Mrs. M. J. Powers, both widows, against James A. Baker, receiver of the International & Great Northern Railway Company, and John Barton Payne, Federal Agent. Plaintiffs alleged that they were the owners of about 164 acres of land located near a water course known as Village creek, and that the appellants herein constructed and built a railway track over and across the premises belonging to appellees, and that in the construction and building of said railway track appellants constructed a railway bridge, made of heavy timber and material, and in the construction of said bridge certain pillars were placed, one at each end of the bridge and next to the bank, and one in the center of the stream, and that said pillars were placed so close together and in such a manner as to seriously and materially impede and interfere with the flow of water down said stream, and to cause the same to be diverted from its regular channel, and to spread out over and to destroy and injure plaintiffs' fences and crops upon said lands. Plaintiffs sought to recover for injuries caused by an overflow in June, 1918, alleged to have destroyed approximately 10 acres of growing cotton, of the reasonable market value of $300, and about 3 miles of fence, of the reasonable market value of $75, and for other damages caused by overflow in the month of November, 1918, consisting of damage to and destruction of crops valued at $740 and fences valued at $75.

Defendants pleaded that the construction of said bridge across Village creek did not in any manner or way divert the water course of said creek or narrow its channel, but alleged that the opening under the bridge was as large and as sufficient an opening to permit the water to pass thereunder as other openings in the channel of the creek elsewhere and up the creek from said bridge. They further alleged that the creek had overflowed many times prior to the construction of said bridge, and with such volume as to wash away crops and fences, and that said lands were subject to overflow during excessive rainfall, and would have overflowed, irrespective of defendants' bridge.

The cause was submitted to the jury on special issues, in answer to which the jury found:

(1) That during the month of June, 1918, the water in Village creek was caused by the construction of defendants' bridge to overflow plaintiffs' premises, and but for which bridge and piers thereof said water would not have overflowed said premises.

(2) That the plaintiffs suffered damage to growing cotton, $75, and to fences, $75.

(3) That during the month of November, 1918, by reason of the construction of said bridge, plaintiffs' premises were overflowed, and they suffered damage in the total sum of $595, consisting of loss of cotton, $400, cotton seed, $80, fences, $75, growing wheat, $40.

The court further instructed the jury that, in passing upon and determining the damages of plaintiffs, if any, they could allow damages for only such items as were set forth in their petition, and then only such as were directly and proximately caused by reason of water which was caused to overflow the plaintiffs' premises, upon the occasions pleaded, by the construction and maintenance of defendants' bridge and piers thereof.

[1] The evidence showed that above the bridge and on plaintiffs' land there was a narrow place in the channel of the creek, smaller and capable of carrying less water than that under the bridge in question. Defendants tendered this issue:

"(a) Do you find from the evidence that there was in the year 1918 a smaller area of clear water space in the channel of Village creek, up said channel of said creek from the railroad bridge, than there was of clear water space in the channel of said creek under said bridge? Answer 'Yes' or 'no.'

"(b) If your answer to the above and foregoing issue be in the affirmative, then was such fact the sole, direct, and proximate cause of said creek overflowing in the manner and way that it did during the year of 1918? Answer 'yes' or 'no.'"

Brooks Baker, a witness for appellants, and a surveyor and civil engineers, testified:

"I made a survey of that part of Village creek where it runs through Mrs. Powers' land, out south of town, close to Everman, where the International & Great Northern crosses the creek, and I made a map and turned it over to the attorneys. The map now shown me is the one that I made. I made that on December 5, 1919, which was last December. * * * In other words, the water had to run through the area where I made this cross section before it could get to the bridge. * * * I got the area at these two cross sections. * * * There is an area of 1,269 square feet; it can haul that much water out of that place before it overflows into the valley—into the bottom. I made a cross section showing the area of the creek or the area of the clear

water space in the channel of the creek under the bridge; that is, 1,633 square feet. In other words, there is about 364 more square feet of clear water space in the channel of the creek under the bridge than there is a distance of 781 feet up the creek; it is the difference between 1,269 and 1,633. * * * In other words, when the banks of the creek were full up here (781 feet above the bridge), the channel of the creek under the bridge would be only approximately three-fourths full."

Other witnesses testified to the existence of this narrow place above the bridge, and that the water overflowed at this place before it overflowed at the bridge. The majority have concluded that this assignment should be sustained, on the ground that the defendants were entitled to have submitted the special issues, as being an affirmative presentation of defendants' theory and defense.

Appellants rely on such cases as M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; S. A. & A. P. Ry. Co. v. Kiersey, 98 Tex. 592, 86 S. W. 744; Texas Trunk Co. v. Ayres, 83 Tex. 268, 18 S. W. 684; Gammage v. Gamer Co. (Com. App.) 213 S. W. 930; Ft. Worth & Denver City Ry. Co. v. Speer, 212 S. W. 766. In the McGlamory Case it is said:

"This being true, the correct rule is that defendants had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which, if true, would in law establish such plea, and instructing them that, if they found such group of facts to be established by the evidence, to find for defendants. And this would be true, if proper charges had been asked as to each of the several special pleas of contributory negligence presented by the record. Any other rule would deprive litigants of their right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or defense, so that they may intelligently pass upon the various complicated issues frequently presented for their determination in one case under our practice. Railway v. Sheider, 88 Tex. 166. This rule does not permit a litigant to annoy the court or confuse the jury by special charges upon the weight of, or giving prominence to each circumstance introduced tending to support his cause of action or defense, but requires him at his peril to present in such special charge for the consideration of the jury a fact or group of facts, which, if found by them from the evidence to be true, establishes in law some material issue presented by the pleading."

[2] The second assignment is directed to the failure of the court to submit the following special issue:

"Was the damage to the plaintiffs in this case, if any, caused solely by the embankment or trestle of the railway company constructed across plaintiffs' lands?"

We are of the opinion that the defendants were entitled to the submission of this issue. The plaintiffs did not allege that any part of their damage was caused by the embankment or trestle, and therefore could not recover for any injury caused by either of them. J. D. Squires, a neighbor of plaintiffs', testified that, if it were not for the "dump" or trestle, the water, during an overflow, would not be as swift as it was, and that, if they were removed, the overflow would not be any worse than they were before the railroad bridge was built. It is true that the court charged the jury as follows:

"You are further instructed that, in passing upon and determining the damages of plaintiffs, if any, you can allow damages only for such items as are set forth in their petition, and then only such as were directly and proximately caused by reason of water which was caused to overflow the plaintiffs' premises, upon the occasion claimed by plaintiffs, by the construction and maintenance of defendants' bridge and the piers thereof."

But this instruction did not require a finding in an affirmative form upon the issue as to whether any part of the damages were caused by the trestle or embankment. Ft. Worth & Denver City Ry. Co. v. Speer, 212 S. W. 766.

[3, 4] We do not find reversible error in the other assignments, and they are therefore overruled. We think the issue submitted, to the refusal of which the third assignment is directed, called for an answer as to a fact evidentiary in its character; that the charge, to the refusal of which the fourth assignment is directed, was a general charge, and was not proper in a case submitted on special issues.

For the reasons given, the judgment below is reversed, and the cause remanded.