## HORTON & HORTON v. HOUSE.
(No. 1778.)

Court of Civil Appeals of Texas. Beaumont. Feb. 21, 1929.

Rehearing Denied. Feb. 27, 1929.

Sewall Myer and King & Wood, all of Houston, for appellants.

Fouts, Amerman, Patterson & Moore, of Houston, for appellee.

WALKER, J. On or about the 24th day of September, 1926, appellee was injured in a collision between one of appellants' trucks and an automobile driven by Mrs. O. B. Glass, in which appellee was riding as a guest. The collision occurred where Silver street enters at right angles West Capitol avenue. Silver street does not cross the avenue, but ends at that point. Appellants' truck was being driven from Silver street into the avenue with the purpose of turning down the avenue to the left. Mrs. Glass was driving her car to the west, and the collision occurred on the left-hand side of the avenue as the truck was about to make the turn. Appellee pleaded many grounds of negligence, but judgment was rendered in her favor in the sum of $1,750, on the following findings: That the truck driver failed to keep a lookout for cars approaching the intersection of Silver street and West Capitol avenue from the east "just prior to the collision; that he was driving his truck at a greater rate of speed than a person of ordinary prudence would have done under the same or similar circumstances, and that he failed to apply his brakes after entering the avenue; that each of these acts was negligence and a proximate cause of the collision and plaintiff's resulting damages.

In answer to issues pleaded by appellant, the jury found that appellee did not fail to exercise ordinary care in keeping a lookout to discover vehicles as the car in which she was riding approached the intersection.

Appellants vigorously assail the verdict of the jury on the issues against them as being against the great weight and preponderance of the evidence. Without quoting from the testimony, it is our conclusion, after carefully reviewing the statement of facts, that the verdict has support.

Issue No. 1 was in the following form:

"Did the defendant's driver keep a lookout for cars approaching the intersection of Silver Street and West Capitol Avenue from the east just prior to the collision?"

Against this issue appellant advances the following proposition:

"It was error for the Court, over Appellant's objection and exception, in submitting Special Issue No. 1 to the jury to impose on Appellant's truck driver the duty to keep a lookout for approaching cars from the East 'just prior to the collision,' it being a charge on the weight of the evidence and imposing an absolute duty on the truck driver to look in a particular direction at a particular time when the question for the jury was simply whether under all the circumstances the truck driver kept such lookout as an ordinarily careful man would have done."

■■ This issue was not subject to appellant's exception. It was not on the weight of the evidence. It imposed no duty, absolute or otherwise, on the truck driver to keep any sort of lookout at any particular time. The issue submitted was one of fact only. It was a pertinent inquiry, pleaded by appellee, whether or not the truck driver kept a proper lookout for automobiles as he approached Capitol avenue. Appellee rested her case on his keeping this lookout "just prior to the collision." The jury gave a negative answer to that question. No legal

conclusions followed from the answer as a matter of law, but its legal effect was properly submitted by further inquiring of the jury whether such act was negligence and if such negligence was a proximate cause of the injury. In answering question No. 1, the jury had before it "all the circumstances" in evidence. None of them were withdrawn by the court's charge and no comment was made upon their weight. The other propositions attacking the charge as being on the weight of the evidence are overruled without further comment.

■■ The court did not err in refusing to permit the truck driver to testify that "in his opinion" the driver of the car in which appellee was riding "could have gone on her side of the street, so as to pass to the rear of appellants' truck." Nor was error committed in refusing to permit appellants' witness, George, who had viewed the scene of the collision and testified to the physical facts surrounding the accident, to testify that in his opinion "the vehicle in which appellee was riding ran into and against appellants' truck." Opinion evidence of this character is not admissible. Kirby Lumber Co. v. Adams (Tex. Civ. App.) 291 S. W. 279.

■■ Appellant, by special issues, requested the court to submit to the jury whether or not the negligence of Mrs. O. B. Glass, the driver of the car in which appellee was riding, was the sole proximate cause of the collision. Appellee objects to our considering these issues on the ground that they were not properly presented to the trial court, and that exceptions were not properly reserved to their refusal. We have gone to the transcript in trying to understand appellee's criticisms of these exceptions, and have concluded that they are properly before us. This issue of sole proximate cause was not affirmatively pleaded by appellant, and was in no way involved in appellants' special defenses, and, if before the court, was raised only by the general denial. The evidence raised the issue in appellants' behalf that its truck driver was not guilty of negligence causing the collision. The evidence raised the issue that Mrs. Glass was guilty of negligence as she approached the intersection of West Capitol avenue and Silver street, and that her negligence was the sole proximate cause of the collision. We are in agreement in this construction of the evidence. Because the issue that Mrs. Glass' negligence was the sole proximate cause of the collision was not specially pleaded, my Brethren have concluded that appellants were not entitled to have it affirmatively submitted to the jury. Under the decisions, this issue was an affirmative defense. In discussing the issue of sole proximate cause as a defense, the Commission of Appeals in Northern Traction Co. v. Woodall, 299 S. W. 220, adopted the dissenting

opinion of Mr. Justice Dunklin, wherein he said:

"It is a well-settled rule of decisions of this state that a defendant has the right to an affirmative presentation to the jury of any fact or specified group of facts relied on in his pleadings as a defense, which, if true, would establish such defense. The leading decision is M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058. The rule announced in that decision has been uniformly followed in many other decisions, both by the Supreme Court and Courts of Civil Appeals, such as Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Id. (Tex. Civ. App.) 196 S. W. 648; St. L. S. W. Ry. Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Fort W. & D. C. Ry. Co. v. Taylor (Tex. Civ. App.) 153 S. W. 355; Jones v. M. K. & T. Ry. Co. (Tex. Civ. App.) 157 S. W. 213; G. C. & S. F. Ry. Co. v. Loyd (Tex. Civ. App.) 175 S. W 721; Texas Electric Ry. Co. v. Sikes (Tex. Civ. App.) 251 S. W. 589; Gammage v. Gamer Co., 213 S. W. 930, by Commission of Appeals, whose conclusions were adopted by the Supreme Court, Armour & Co. v. Morgan, 108 Tex. 417, 194 S. W. 942, and many other cases which might be cited."

The authorities relied upon by my Brethren in support of their conclusion all contain similar announcements of the law; that is, that an affirmative defense specially pleaded and raised by the evidence must be submitted to the jury. But, as I understand these decisions, none of them say that the issue of sole proximate cause cannot be submitted, unless specially pleaded. My Brethren will state their positions more fully in Rio Bravo Oil Company v. Daniels (No. 1732) 15 S. W. (2d) ——, recently decided by this court but opinion not yet written, where the same proposition is involved and in which I have reserved my dissent.

However, as it has become my duty to write the opinion in this case, I will here state my conclusions on this important question of pleading. To recover, appellee was required to show (a) damages suffered by her; (b) negligence on the part of appellants; (c) that such negligence was a proximate cause of her damages. Under the general denial, appellants had the right to offer evidence to the effect that (a) appellee had suffered no damages; (b) that they were not negligent; (c) that, if negligent, such negligence was not a proximate cause of the damages sued for. Evidence on these three defenses was admissible under their general denial. No rule of law said to them that proof on any of these issues must be made in a particular manner. They could have confessed negligence and proximate cause and defeated a judgment by showing that appellee had suffered no injuries. They could have confessed injuries and negligence and escaped liability by showing that

their negligence was not a proximate cause of the damages. Evidence rebutting the proximate relation of the negligence to the damages sued for was admissible under the general denial. Evidence that the negligence of Mrs. Glass was the sole proximate cause of the accident was admissible under the general denial. My Brethren do not controvert this proposition, but they say, in the absence of a special answer charging that the negligence of Mrs. Glass was the sole proximate cause of the collision, that appellants were not entitled to an affirmative submission of that issue to the jury. It is their proposition that no "affirmative defense" should be submitted, unless specially pleaded. It is my proposition that all issues admissible under a general denial must be affirmatively submitted upon a proper request. On this proposition I can draw no distinction between the issue of "sole proximate cause" and the issue of "unavoidable accident." Unavoidable accident simply raises the issue that the negligence of the defendant was not a proximate cause of the accident, but that some other agency was the "sole proximate cause." Though plaintiff has made a prima facie case, the defendant may escape liability by showing that plaintiff's damages resulted from a condition in which neither the plaintiff nor defendant was guilty of negligence; that is, that some outside agency not connected with the conduct of plaintiff or defendant was the sole proximate cause of the damages sued for. Not to sustain that proposition, for it is established law of the state, but only to illustrate what I am saying, I quote as follows from Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534:

"The defendant was not required to specially plead that the injury was the result of an unavoidable accident to entitle it to have such issue submitted to the jury. The evidence was not only admissible for the purpose of contradicting the witness James Washington, but as a substantial defense under the general issues, and if believed by the jury, it would have been a complete defense to the suit."

Since I can draw no distinction as a question of pleading between the issue that the negligence of Mrs. Glass was the sole proximate cause of plaintiff's injury and the issue that the damages sued for resulted from a condition in which neither the plaintiff nor the defendant was negligent—that is, the issue of unavoidable accident, as defined by the Washington Case, supra; Railway Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Eastern Texas Electric Co. v. Hunsucker (Tex. Civ. App.) 280 S. W. 887; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108—I think it was error to refuse the submission of this issue of sole proximate cause. In other words, if the defendant, under a general denial, can have the submission of an issue that denies

affirmatively the negligence of both parties, I cannot see why he cannot have the submission of an issue that denies affirmatively his negligence. But, as I understand the authorities, the question has been foreclosed, and the holding of my Brethren is in direct conflict on identical facts with the Amarillo court in City of Pampa v. Todd, 11 S.W.(2d) 247; with the Dallas court in Dallas Railway Co. v. Speer, 299 S. W. 511; and with the Fort Worth court in Baker v. Beatty, 235 S. W. 971. In none of these cases was the issue of sole proximate cause pleaded. It was pleaded in the Todd Case but stricken out on exception. Without any pleading, but relying solely on the general denial, in each of these cases the appellant requested the issue of sole proximate cause, and its refusal constituted reversible error. The Speer Case was a suit by a passenger in an automobile for damages resulting from a collision between the car in which he was riding and a street car. The defendant requested the submission of the issue that the negligence of the driver was the sole proximate cause of plaintiff's injuries, being identical with the issue we have here. Mr. Chief Justice Jones, speaking for the court, said:

"There was evidence offered by appellant to the effect that, had the driver of the automobile continued his course down Bryan street without an application of the brakes, he could have passed the street car in safety. This evidence raised the issue of the negligence of the driver of the automobile in applying the brakes on this occasion, and, as there is evidence offered by appellant from which the jury could have exonerated appellant from any negligence, the issue is presented as to whether the negligence of the driver of the automobile was the sole proximate cause of appellee's injuries. A submission of this issue was requested, and its refusal assigned as error. We are of the opinion that the court erred in not submitting this issue, and the assignment of error in this respect is sustained."

The Supreme Court of Missouri, in Bragg v. Street Railway Co., 192 Mo. 331, 91 S. W. 527, thus discussed the effect of a general denial:

"Indeed, it may well be doubted whether it was necessary for appellant to have pleaded, as it did, the acts of the Missouri Pacific Railway Company in order to have the benefit of such acts as a defense; for, under a general denial, any fact which goes to show the facts constituting the cause of action set forth in the petition are not true may be proved. It is only where a defense is made in the nature of a confession and avoidance that affirmative matter must be set forth, and it would seem that, if A. sues B. for striking and injuring him, B. under a general denial might show that C. struck the blow, and such proof would be some evidence that B. did not. Jones v. Rush, 156 Mo. 364, 57 S. W. 118; **5**

Ency. of Pl. & Pr. p. 717; Young v. Kansas City, 27 Mo. App. loc. cit. 118 et seq., and cases cited. But this view is somewhat obiter."

As my Brethren find no error in the record, it is their order that the judgment of the trial court should be, and the same is hereby ordered, in all things affirmed, to which I most respectfully dissent.

HIGHTOWER, C. J. As stated by my esteemed Associate, Mr. Justice WALKER, in the opinion prepared by him in this case, Mr. Justice O'QUINN and I are unable to agree that the judgment in this case should be reversed because of the trial court's refusal to submit a special issue to the jury as to whether the negligence of Mrs. O. B. Glass, the driver of the car in which appellee's wife was riding, was the sole proximate cause of the collision in question. It is not my purpose to express at this time my views touching the question of our dissent in this case, for, as stated by Mr. Justice WALKER in his opinion, I intend to express my views at some length in another case which is now before this court, and will now reserve the views that I entertain until we come to write the opinion in that case touching the question as to whether a defendant in a suit of this character is entitled as a matter of right to have submitted to a jury a special issue requiring an express finding by the jury as to whether some act or omission on the part of some one other than the defendant in the case was the sole proximate cause of the injury claimed by the plaintiff, in the absence of an affirmative allegation by the defendant that something other than as claimed by the plaintiff became the sole proximate cause of the injury sustained by the plaintiff.·

I notice, however, in the opinion prepared by Mr. Justice WALKER in this case this language:

"But as I understand the authorities this question" (meaning the question of our dissent) "has been foreclosed, and the holding of my Brethren is in direct conflict on identical facts with the Amarillo Court in City of Pampa v. Todd, 11 S.W.(2d) 247, with the Dallas Court in Dallas Railway Co. v. Speer, 299 S. W. 511; and with the Ft. Worth Court in Baker v. Beatty, 235 S. W. 971."

I have carefully read and tried to analyze the opinions in these cases, and I have concluded that the views of Mr. Justice O'QUINN and myself touching the question of our dissent in this case are not in conflict with the opinions in the cases as stated by Mr. Justice WALKER. I only desire at this time to state very briefly the reasons why I think we are not in conflict with either of the three cases as claimed by Mr. Justice WALKER.

In the case of Baker et al. v. Beatty, the opinion of the court shows, we think, that the defendant's answer alleged specially and affirmatively the facts which the defendant in that case claimed constituted the sole cause of the plaintiff's damages, as there claimed. The appellate court in that case reached the conclusion that there was evidence sustaining this special pleading made by the defendant in that case, and that the issue as thus tendered by the defendant in that case, both by its pleading and evidence, which was followed up by the defendant requesting in line with its pleading and evidence a special issue as to whether the facts pleaded by it in that case were the sole proximate cause of the plaintiff's claimed damages, ought to have been submitted to the jury for a finding.

In Dallas Railway Company v. Speer, the opinion of the Court of Civil Appeals fails to disclose whether anything was pleaded by the defendant in that case as the sole proximate cause of the damages there claimed against the defendant or that such issue as one of pleading was suggested by counsel in the case, or that such an issue as one of pleading was in the court's mind at all.

In the case of City of Pampa v. Todd et ux. (Tex. Civ. App.) 11 S.W.(2d) 247, Todd and wife sought to recover damages against the city of Pampa for the death of their minor daughter, alleged to have been negligently caused by the defendant. The plaintiffs in that case alleged, in substance, that the city of Pampa was guilty of negligence in permitting a culvert to be taken up for the purpose of cleaning out a ditch over which the culvert had been placed, and that, while said culvert was off of the ditch, the city was guilty of negligence in failing to keep warning lights and danger signals at the point in question to warn persons passing over the street of the danger of using the street at that point. The defendant, by its answer, interposed a general demurrer and a number of special exceptions, and denied generally all the allegations of the plaintiffs' petition. In addition to the general denial, defendant's answer contained, among others, this special averment:

"Defendant further alleges that the said L. G. Lunsford" (who was the driver of an automobile in which the minor daughter was riding at the time she was injured) "was negligent in failing to have said car under complete control immediately before reaching said ditch, and in failing to see the place where said culvert had been for a reasonable distance before reaching the same, and in being in said car with three other persons under the conditions hereinabove alleged, which made it impossible and impracticable for him to properly and adequately manage, control and operate the same, which negligence on the part of the said Lunsford defendant alleges was the sole proximate cause of the accident."

To this special plea of sole proximate cause made by the defendant in that case the plaintiffs specially excepted, on the grounds that such special allegation by defendant was ir-

relevant and immaterial to any issue in that cause, and that the same was but an attempt upon the part of the pleader to impute the negligence of the driver of the automobile in that case to the plaintiffs' minor daughter, who was a guest in the automobile, and this exception was sustained by the trial court, and the affirmative allegation and defense raising the issue of sole proximate cause, as pleaded by the defendant in that case, was stricken out. The case was submitted to a jury on special issues, and upon the verdict as returned judgment was entered in favor of the plaintiffs.

Upon conclusion of the evidence in that case, the defendant, in line with its specially pleaded defense as to sole proximate cause, in due time presented and requested the trial court to submit to the jury a special issue calling for a finding as to whether the alleged negligence of the automobile driver in that case was the sole proximate cause of the minor's injuries, and the trial judge, in keeping with his ruling in sustaining the special exception, declined to submit this requested special issue. On appeal, the defendant in that case, by proper assignment of error, complained of the trial court's refusal to submit to the jury the special issue tendered by it in keeping with its pleading touching the sole proximate cause of the minor's injuries in that case, and the appellate court sustained this assignment, and went on to say that there was evidence in the case upon which the jury might have rested the conclusion that the negligence of the driver of the automobile in that case was the sole proximate cause of the minor's death, and that the trial judge committed error in refusing to submit this issue to the jury.

Now, as I understand it, it is Mr. Justice WALKER'S conclusion that the effect of the holding of the appellate court in City of Pampa v. Todd was that, to be entitled to an affirmative submission of the issue of sole proximate cause, as pleaded by the defendant in that case, it was not necessary that the defendant should have specially pleaded that issue, but that it was enough that there was evidence raising the issue of sole proximate cause in favor of the defendant. I cannot agree that such was the conclusion reached by the appellate court in that case. It is true that the action of the court in sustaining the special exception interposed by the plaintiffs in that case to the special plea of defendant touching the issue of sole proximate cause ought to have been, and probably was, raised by an assignment of error attacking the trial court's ruling in that connection, but the opinion in that case does not disclose certainly that the court's action in sustaining the special exception of the plaintiffs was made the basis of an assignment in the appellate court. It is certain, however, from the opinion in

that case, that the appellate court expressed no opinion as to whether the defendant in that case was entitled as a matter of right to the submission of its special issue, in the absence of affirmative allegation by defendant raising the issue of sole proximate cause.

I have said this much at this time merely to show that the view expressed by a majority of this court touching our dissent is not in conflict with the opinion of either of the appellate courts, as stated by Mr. Justice WALKER in his opinion in this case.