### GREEN v. TEXAS & PACIFIC RY. CO.*
### No. 4174.

Court of Civil Appeals of Texas. Texarkana.
May 5, 1932.

Rehearing Denied June 2, 1932.

---

Jones & Jones, of Marshall, for appellant.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellee.

WILLSON, C. J. (after stating the case as above).

■ In support of a theory entertained by appellee that the injury appellant suffered was intentionally brought about by him and was not the result of negligence of any kind on its part, appellee, in its cross-examination of appellant, who testified as a witness in his own behalf, was permitted to prove, over appellant's objection on the ground that such testimony was immaterial and irrelevant, that he (appellant) had collected $7,400 from accident insurance companies on account of the injury he suffered. It is insisted the evidence was inadmissible and that in admitting it, in afterward refusing a requested special charge which, had it been given, would have instructed the jury not to consider the testimony, and in authorizing the jury in his main charge to find for appellee if they believed appellant purposely fell against the train and injured himself, the trial court committed errors entitling him to a reversal of the judgment. The writer thinks the evidence, in the absence, as was the case, as he sees it, of corroborative testimony of probative force, did not make a question as to whether appellant intentionally brought about the injury he suffered, and that the trial court therfore erred when in his charge he authorized the jury to find for appellee on the contingency stated. But the other members of the court think the rulings complained of were not erroneous. Therefore the assignments presenting the matters referred to for review are overruled.

■ In his charge the trial court instructed the jury to find for appellant if they believed appellee was not guilty of negligence in ways specified therein and that appellant was not guilty of contributory negligence in ways specified, and then instructed them, further, to find for appellee if they believed appellant's injuries "were (quoting) received as the result of unavoidable accident, that is to say, without negligence on the part of either party." Appellant objected to the instruction as to unavoidable accident on the ground that the evidence did not raise such an issue, except so far as it may have been involved in issues as to negligence submitted to the jury in other parts of the charge, and complains here because the trial court overruled his objection. As is shown, in part, in the statement above, appellant as a witness in his own behalf testified that, stopping to wait for the train to pass, he rested his right foot on a post three or four feet high and seven or eight feet from the passing train; that in changing his position he moved his foot from the post; that when he did so he stumbled backward over the piece of iron, lost his balance; and that the next thing he knew he "was under the train." He testified, further, that the piece of iron "was covered up with weeds" and was not visible. There was no evidence showing any obstruction, other than the piece of iron, on the ground at or near the point where appellant stumbled and fell, and no evidence conflicting with that of appellant specified above as to why and how he fell as he did. The writer thinks that the holdings in Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108, 1112, Horton & Horton v. House (Tex. Civ. App.) 13 S.W.(2d) 966, and other cases cited by appellant are applicable to the question made and that the ruling complained of here was erroneous; but the other members of the court think the jury had a right from the evidence referred to to find that appellee was not guilty of negligence in any of the respects charged against it, that appellee likewise was not guilty of negligence in any of the ways charged against him, that his stumbling and falling as he did was from an accidental cause, and to conclude that the injury he suffered therefore was the result of an unavoidable accident.

In the Russell v. Bailey Case the court said the issue of "'unavoidable accident' arises only when 'there is evidence tending to show

that the accident in controversy, which is charged to have resulted from the negligence of the defendant, happened from some unknown cause, or in a manner which cannot be explained, or under circumstances differing from those relied on and constituting a part of plaintiff's case, and which circumstances rebut the charge of alleged negligence for which the defendant is responsible;'" and added: "In this case the evidence brought forward by appellant does not show that plaintiff's injury was caused by some unknown cause or in a manner which was not explained, or under circumstances differing from those relied on and constituting plaintiff's case. This evidence was offered by defendant to rebut the conclusion of negligence which the plaintiff had drawn from the facts of the accident, and in explaining his part in the accident, defendant has not offered any theory not reflected in plaintiff's pleadings. The facts as developed were properly submitted to the jury. As an independent issuable fact, appellant was not entitled to have the jury again weigh these identical facts to deduce in his favor a finding of 'unavoidable accident.' That would be giving the jury two separate and distinct opportunities to find in appellant's favor on the same facts."

The judgment is affirmed.